### WHITE et al. vs. MILLBOURNE.

MECHANICS' LIEN: *Jurisdiction of Circuit Court.*

The Circuit Court has jurisdiction to enforce a mechanic's lien for a sum under $100; proceedings to enforce liens on land, or in which the title, or possession thereof, are involved, are expressly excepted from the jurisdiction conferred by the Constitution on justices of the peace.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Thweatt,* for appellant.

HARRISON, J.:

This was a petition filed by John W. Millbourne in the Phillips Circuit Court, for the enforcement of a mechanic's lien for

the sum of $73.90, on the edifice, or building, in the city of Helena, known as the "Colored Baptist Church," and to which proceeding James T. White was made a defendant.

The petition alleged that Millbourne had, at the instance and request of said White, done certain work on said building to the amount of $607.65; that there remained due him therefor the said sum of $73.90; and that he had, within ninety days from the completion of the work, filed with the clerk of the Circuit Court an account of his demand, showing the amount due after allowing the proper credits, and containing a description of the property, to secure a lien thereon.

The suit was commenced within nine months from the filing of the account.

White demurred to the jurisdiction of the court, and his demurrer being overruled, he filed an answer, in which he admitted that the work had been done on the building by Millbourne, and at his instance, but denied that it amounted to as much as he claimed, or that there was due him $73.90. He admitted, however, that there was still due a balance of $19.10.

The allegation in relation to the filing of the account to secure the lien on the building was not denied.

After the answer of white was filed, the petition was amended by making John M. Duffie, Robert Wilkes, Isam McNeal and A. B. Miller, the trustees of the Second Baptist Church of Helena, defendants; but it contains no averment of any interest in them; nor shows why they were made parties.

The trustees entered their appearance, but filed no answer or made any defense.

The issue was tried by a jury, which returned a verdict for the plaintiff for $38.90.

The defendants, the trustees, it seems, as well as White, moved for a new trial, which was overruled, and judgment was there-

upon rendered in favor of the plaintiff for the sum so found due him by the jury, and for the sale of the building to satisfy the same. The defendants appealed.

The appellants contend, that as the amount of the debt claimed did not exceed $100, the Circuit Court did not have jurisdiction in the case, and the demurrer filed by White to the jurisdiction should have been sustained.

The Constitution is too explicit and clear to admit of any doubt of the Circuit Court's jurisdiction in cases of this kind. Sec. 11 of Article vii says: "The court shall have jurisdiction in all civil and criminal cases, the exclusive jurisdiction of which may not be vested in some other court;" and by the *proviso* in sec. 40 of the same article, which section confers upon justices of the peace exclusive original jurisdiction in matters of contract, where the amount in controversy does not exceed $100, cases of lien on land, or where the title or possession thereof is involved, are expressly excepted from such jurisdiction.

The ground of the motion for a new trial was that the court gave improper instructions to the jury for the plaintiff, and refused to give them proper instructions asked by the defendants.

These instructions were predicated upon evidence relating only to the liability of the trustees, which evidence, as the only issue before the jury was the amount due the plaintiff for the work, was immaterial and irrelevant.

There is, therefore, nothing in the motion for a new trial to be considered.

The judgment is affirmed.