COTTON v. PENZEL & CO.

LIEN: *Material-man's: Jurisdiction of justice of the peace.*

A mechanic's or material-man's lien involves a lien on real estate, and a justice of the peace has, therefore, no jurisdiction to enforce or protect it.

APPEAL from *Yell* Circuit Court.
Hon. ZENAS L. WISE, Special Judge.

*Harrison & Crownover* for appellant.

It was the duty of the justice to investigate the matter set up in the interplea, and ascertain and adjudicate what the rights of all parties were. This was not an attempt to *enforce* a material-man's lien, but an effort only to have the interpleader's rights protected. *Sec. 432 Gantt's Dig.; 15 Ark., 129; 38 Ib., 329; 33 Ib., 475.*

*Hall & Carter*, contra.

The justice had no jurisdiction of the subject matter of the interplea, and the Circuit Court acquired none on appeal. *31 Ark., 486; 40 Ark., 557.*

COCKRILL, C. J. In a proceeding before a justice of the peace, Penzel & Co. caused an attachment to be levied on "a box store-house." The appellant appeared and filed an interplea alleging that he had furnished shingles and lumber to build the house, and had fixed a lien on it·for the sum of $118.15, the value of the materials furnished, by complying with the provisions of the mechanic's lien law. On appeal to the Circuit Court a demurrer for want of jurisdiction in the justice of the peace was sustained to the interplea, and it was dismissed.

The statute provides that one who shall furnish "any materials, machinery or fixtures for any building, erection or other improvement upon land, shall have a lien upon such building and upon the land belonging to the owner or proprietor on which the same is situated." It is the obvious design of this statute that the lien shall attach in every instance to real estate. The object of the act is to prevent the owner, or those having an interest in land, whatever the estate or right may be, from getting the labor and capital of others without compensation. It was not the intention to attach the lien to mere personal property. The materials must become, in some measure, a part of the land in the form of a building or other erection before a lien can be asserted under the statute, and it is necessary that the person who builds should have some estate in the land. *Coddington v. Dry Dock Co., 31 N. J. Law, 477; Collins v. Mott, 45 Mo., 100; Phillips on Mechanics' Liens, secs. 176, 199; Galbreath v. Davidson, 25 Ark., 490.*

It follows that whenever a mechanic's or material-man's lien exists, a lien upon real estate is involved, and a justice of the peace has not jurisdiction. *Art. 7, sec. 40, Const.; White v. Millhourne, 31 Ark., 486.*

Section 356 Mansfield's Revised Statutes, which gives the

*Marginal note:* MATERIAL-MAN'S LIEN: Jurisdiction of justice peace.

right of intervention to persons claiming an interest in or lien on attached property, is applicable to proceedings before justices of the peace only in cases where a justice has jurisdiction to administer relief. *Cunningham v. Holland*, *40 Ark., 556*.

The appellant insists that the justice could entertain jurisdiction for the purpose of fixing the status of the property, and thereby protecting his rights in case of a sale under the attachment without enforcing the lien. If there were no other objection to this course, it is obvious that the justice of the peace could make no adjudication as to the lien without determining the very questions he is inhibited from entering upon the consideration of. "A justice of the peace shall not have jurisdiction where a lien on land is involved." (*Const., sup.*) If the appellant has a lien, as he alleges, the record of it will be notice to the purchaser at the attachment sale.

The Circuit Court acquired no jurisdiction of the interplea by the appeal, and it was properly dismissed.

Affirm.