CLARK v. DENNIS.

Opinion delivered February 21, 1927.

1. MINES AND MINERALS—OIL AND GAS LEASE.—An oil and gas lease conveys, not merely a license, but an interest and easement in the land itself.

2. VENUE—LIEN ON OIL AND GAS LEASE.—A suit to impose a lien on an oil and gas lease is not a transitory, but a local, cause of action and is properly brought in the county where the land is located, under Crawford & Moses' Dig., § 1164.

3. MINES AND MINERALS—LEASE AGREEMENT.—In an action on a draft and to enforce a lien on an oil and gas lease, it was immaterial whether the agreement contemplated that the lessee should have a reasonable time for examination of the abstract of title, where there was no evidence that a marketable title was not shown by the abstract nor any claim that the draft would have been paid if the abstract showed a good title.

Appeal from Columbia Chancery Court; J. Y. Stevens, Chancellor; affirmed.

W. B. Sorrels, for appellant.

Paul Crumpler, for appellee.

SMITH, J. The complaint in this cause alleged that appellee, the plaintiff below, owned a forty-acre tract of land in Columbia County, on which he sold appellant an oil and gas lease for the sum of $1,000, it being agreed that the purchase price therefor should be paid by the draft of appellant for that amount on the Cotton Belt Savings & Trust Company of Pine Bluff; that the draft was drawn and delivered and duly presented, but was dishonored. Wherefore plaintiff prayed judgment for the amount of said draft, and that a lien be declared in his favor on the lease and the same ordered sold in satisfaction of the judgment, if it were not otherwise paid.

Appellant, defendant below, is a resident of Jefferson County, and was served with process in that county to appear and answer in the Columbia Chancery Court, where the cause was pending. He filed a motion to quash the service and to dismiss the cause for the reason that it was a transitory action, and he had not been served with process in the county where the suit was

brought. This objection to the jurisdiction of the Columbia Chancery Court was duly preserved by appellant in the answer which he filed, after his motion to quash was overruled, and throughout the trial.

The lease made an exhibit to the complaint appears to be an ordinary oil and gas lease, wherein the lessor granted to the lessee the right to explore for oil and gas for a period of five years, in consideration of one-eighth of the oil or gas produced. The land there described is in Columbia County.

The answer filed alleged that plaintiff agreed, within a given time, to furnish an abstract showing a marketable title, and that the lease and draft were placed in escrow; that the abstract was never furnished, and that the draft was prematurely and improperly delivered by the escrow agent.

There was a general finding in favor of the plaintiff for the amount of the draft, and the amount thereof was adjudged to be a lien on the land, which was ordered sold if the judgment was not paid, and this appeal is from that decree.

The motion to quash the service was properly overruled. An oil and gas lease conveys, not merely a license, but an interest and easement in the land itself. *Standard Oil Co.* v. *Oil Well Salvage Co.*, 170 Ark. 729, 281 S. W. 360. The suit to impose a lien upon the lease was a local, and not a transitory, cause of action, and was properly brought in the county where the land was located. Section 1164, C. & M. Digest.

The cashier of the bank which acted as escrow agent testified that the lease and the draft were placed in escrow in the bank, and when the abstract was completed it was attached to the draft, which was sent for collection to the bank upon which it was drawn. The witness did not understand that there was any stipulation as to the time within which the abstract was to be finished, and it is not shown that there was any unreasonable delay in the preparation of the abstract.

If it be said that the escrow agreement contemplated, not only the delivery of the abstract, but a reasonable time for the examination to determine whether a marketable title was shown, it may be answered that no attempt was made to prove that a marketable title was not shown by the abstract. No claim is made that the draft would have been paid had the abstract shown a good title, nor, as we have said, was there any proof that plaintiff's title was not a marketable one.

We discover no error in the decree, and it is therefore affirmed.