Drum *v.* McDaniel.

·4-8938                                            ·222 S. W. 2d 59

Opinion delivered July 4, 1949.

*Warner & Warner,* for appellant.

*Carl Langston* and *Lee Miles,* for appellee.

MINOR W. MILLWEE, Justice.   This appeal involves venue of a suit in the nature of a bill of interpleader filed by appellants, Roy A. Drum and William K. Ward, trustee, against appellees, Charles E. McDaniel, M. B. Morgan and Ava Morgan, in the Pulaski Chancery Court.

The pleadings and exhibits reflect that the Morgans owned and operated the M. B. Morgan Ice Co. at Clarksville, Johnson county, Arkansas, on July 24, 1948, when they entered into a written contract with appellant, R. A. Drum, or his nominee, for sale of the business which included a lease contract held by the Morgans on the land and improvements thereon and certain personal property used in the business. The contract provided for a sale price of $27,500 with $22,500 payable upon the buyer's approval of title and execution by the seller of an assignment of said lease and a bill of sale covering the personal property. The contract further provided that the balance of the purchase price of $5,000 should be held by appellants until October 1, 1948, when it should be paid to the Morgans unless lien claims were then pending against the property in which event appellants should continue to hold said sum until all such claims were settled, or otherwise disposed of.

Pursuant to the provisions of the contract, the lease on the real property was assigned to appellant Ward, trustee, on July 28, 1948, and on the same date the Morgans by bill of sale delivered to Ward all the. personal property described in the contract, and all of the purchase price was paid except the $5,000 which was withheld for the purpose above mentioned.

On September 21, 1948, appellee, Charles E. McDaniel, a Clarksville building contractor, filed a mechanic's lien in the office of the circuit clerk of Johnson county in the sum of $4,026.92 for labor and materials used in the construction of the building housing the ice business. The complaint further alleges: ''Plaintiffs further state that the said defendants, M. B. Morgan and Ava Morgan, dispute and deny the validity and legality of said lien claim and the indebtedness asserted against them by the said defendant, McDaniel, and have demanded that plaintiffs forthwith pay the balance of said purchase price, amounting to the sum of $5,000, as aforesaid, and are threatening to institute legal proceedings against plaintiffs for recovery thereof. Plaintiffs state that the said McDaniel has not commenced suit to fore-

close his alleged lien and that they are unable to determine the validity and legality of the said disputed claims; that while they are indebted to the said defendants, M. B. Morgan and Ava Morgan for the said sum of $5,000, as balance of the purchase price of said property, they cannot pay the same voluntarily without being subject to litigation, costs and expenses and to risk and liability of having said lien claim adjudged to be a valid, subsisting and legal lien against said described property, and they cannot safely refuse to pay the same as demanded, without risk, liability and judgment against them if the said asserted mechanic's lien claim is in fact and law invalid, illegal or unenforceable.

"The said defendants are adverse claimants to the said sum of money or said property, and plaintiffs are entitled by this bill of interpleader to deposit said sum of $5,000 in the registry of this Court, to be disbursed to the lawful owners by order of this court, and when this is done an order should be entered herein releasing and discharging the plaintiffs, and their said property, of all liability to said defendants, and that the said Mc-Daniels should be permanently enjoined and restrained from commencing and prosecuting suit on said lien claim in the court or courts of Johnson county to foreclose said lien."

Appellants prayed in their complaint that they be directed to deposit the $5,000 into the registry of the court and thereupon released from all liability to appellees and that appellee McDaniel be permanently enjoined from asserting a lien on the property or prosecuting suit in the courts of Johnson county for foreclosure of his lien or otherwise subjecting said property to payment of his lien claim. Summons was served on the Morgans in Pulaski county where they resided on October 25, 1948, and on McDaniel in Johnson county on November 5, 1948.

On November 26, 1948, appellee McDaniel filed separate motion to dismiss as to him on the ground of improper venue asserting that the complaint shows on its face that venue of the action is in Johnson county. On

December 1, 1948, appellees Morgan filed their separate answer and cross-complaint in which they admitted generally the allegations of the complaint and adopted same as their own pleading, but specifically denied the validity of the lien claim filed by McDaniel and asserted that he had been paid in full for construction of the building. They asked for judgment against appellants for the $5,000 balance of the purchase money and prayed that a lien be declared for this amount on any funds deposited in court by appellants.

On March 15, 1949, the trial court sustained the motion of appellee McDaniel to dismiss for improper venue and denied the prayer of appellees Morgan for judgment against appellants. Appellants have appealed from the action of the court in dismissing the suit as to McDaniel and appellees Morgan have cross-appealed from that part of the decree denying judgment in their favor against appellants.

Appellants insist that venue of the suit was properly laid in Pulaski county under Ark. Stats. (1947), § 27-816 (§ 1 of Act 141 of 1943) which provides: ''Where there are two or more adverse claimants to money or property, the person, firm or corporation or association having custody thereof may file a bill of interpleader in the chancery court of any county in which one of the claimants resides or may be served with summons and upon depositing the money or property in the registry of the court, the court shall enter an order releasing and discharging the plaintiff from all liability; and the plaintiff shall recover all of his or its costs and a reasonable attorney's fee to be fixed by the court and taxed as costs in such suit.''

Appellants say this statute superseded any former venue statute applying to an interpleader suit and, therefore, authorized the instant proceeding to be brought in Pulaski county where the Morgans reside.

Ark. Stats. (1947), § 51-615, provides that all liens created by virtue of the Mechanics' and Materialmen's Lien Act shall be enforced in the circuit court of the

county wherein the property on which the lien is attached is situated. This court has repeatedly held that chancery court has jurisdiction to foreclose such liens. *Kizer Lumber Co.* v. *Mosely,* 56 Ark. 516, 20 S. W. 409; *Martin* v. *Blytheville Water Co.,* 115 Ark. 230, 170 S. W. 1019. A leasehold interest or estate is made subject to a mechanic's lien by § 51-606 of the statute.

The first and third sub-divisions of Ark. Stats. (1947), § 27-601, provide that suits "for the recovery of real property" or "for the sale of real property under a mortgage, lien or other encumbrance or charge" must be brought in the county where the subject of the action or some part thereof is situated. In *Harris* v. *Smith,* 133 Ark. 250, 202 S. W. 244, the court said in reference to this statute: "It seems to be well settled that if the purpose of the bill and the effect of the decree are to reach and operate upon the land itself, then it is regarded as a proceeding *in rem,* and, under the statute in question, is a local action and must be brought in the county where the land is situated. *Jones, McDowell & Co.* v. *Fletcher,* 42 Ark. 422; *McLaughlin* v. *McCrory,* 55 Ark. 442, 18 S. W. 762, 29 Am. St. Rep. 56."

In *Jones* v. *Fletcher, supra,* the court in discussing § 27-601, *supra,* said: "It is very clear that the Legislature intended, in the adoption of § 4532, Gantt's Digest, as a part of our *code procedure,* to make all actions, whether at law or in equity, where the judgment or decree is to operate directly upon the estate or title, local, and to restrict the remedy to the proper tribunal of the county where the subject of the action, or some part of it, is situated. All such actions, whether by name foreclosure, partition, ejectment, or without any special designation as to title, whether expressly mentioned in the statute or not, are local, within the meaning of this section. The courts will look to the effect of such judgments and decrees, and endeavor to give full force to the statute, and carry out the defined policy of the legislative department in limiting the remedy to the proper courts of the county where the land lies." See, also, *Dowdle* v. *Byrd, Guardian,* 201 Ark. 775, 147 S. W. 2d 343.

In *White* v. *Millbourne,* 31 Ark. 486, the court held that a justice of the peace court was without jurisdiction in an action to enforce a mechanic's lien because it involved an interest in, or lien on, land. The same conclusion was reached in *Cotton* v. *Penzel,* 44 Ark. 484. In *Clark* v. *Dennis,* 172 Ark. 1096, 291 S. W. 807, it was held that a suit to impose a lien on an oil and gas lease is a local, and not a transitory, cause of action and is properly brought where the land is located under the provisions of § 27-601, *supra.*

We have also held that a general statute does not apply where there is a specific statute covering a particular subject-matter, irrespective of the dates of their passage. *Lawyer* v. *Carpenter,* 80 Ark. 411, 97 S. W. 662; *Abbott* v. *Butler,* 211 Ark. 681, 201 S. W. 2d 1001.

In the recent case of *Moncus* v. *Raines,* 210 Ark. 30, 194 S. W. 2d 1, we approved the rule stated in 50 Am. Jur., p. 542, as follows: "Repeals by implication are not favored, and there are many instances in which particular statutes are held not to be repealed by implication. As a general rule, the legislature, when it intends to repeal a statute, may be expected to do so in express terms or by the use of words which are equivalent to an express repeal, and an intent to repeal by implication, to be effective, must appear clearly, manifestly, and with cogent force. The implication of a repeal, in order to be operative must be necessary, or necessarily follow from the language used. * * * The courts will not hold to a repeal if they can find reasonable ground to hold the contrary. * * *."

It is noted that § 27-816, *supra,* is general in its application to interpleader suits while § 51-615 applies specifically to enforcement of mechanics' liens. One of the objects of the instant suit is to force appellee McDaniel to litigate his claim and assert his right to a lien in the Pulaski Chancery Court when the courts of Johnson county alone have jurisdiction of the subject-matter of such an action. It should be further observed that appellants are more than mere innocent stakeholders. They took title to the property involved with full knowl-

edge of the possibility of its being subjected to lien claims and made provision for this eventuality in their contract of purchase. They have a vital interest in the subject-matter of the litigation in that they have succeeded to the rights of the Morgans in property which may be charged with a lien for labor and materials. We conclude that § 27-816, *supra,* did not supersede or repeal by implication § 51-615, *supra,* and that appellee McDaniel has the right to litigate his claim and seek enforcement of his lien in the courts of Johnson county which have exclusive jurisdiction of the subject-matter insofar as his rights are concerned.

Appellants also contend that the provisions of § 27-816, *supra,* were held applicable prior to adoption of the statute in *Chi. R. I. & P. R. Co.* v. *Moore,* 92 Ark. 446, 123 S. W. 233, and that this decision is controlling here. There appellee brought suit in St. Francis county against the railway company and others to recover judgment for work done in building the railroad. While this suit was pending the railway company filed an interpleader suit in Pulaski Chancery Court against appellee and other labor claimants asking that the defendants be restrained from further prosecution of the St. Francis county suit. In holding that the Pulaski Court had jurisdiction of the interpleader suit, the court was careful to point out that no liens were involved, saying: "It is shown by the allegations contained in the bill that there could be no statutory lien, inasmuch as the contract under which the work was done was let by the railway company prior to the passage of the lien act of 1899." The court also recognized the convenience of conducting litigation as a controlling factor in determining the proper forum and said: "We know of no rule of law or practice that would compel the plaintiff in a bill of interpleader to seek the one forum rather than the other, both having concurrent jurisdiction. It must be assumed, in the absence of evidence to the contrary, that the party bringing his bill of interpleader under such circumstances will select the forum most convenient for the conduct of the litigation."

In the Moore case, *supra,* the labor claimants could have pursued their claims against the railway company in either St. Francis or Pulaski counties while in the instant case McDaniel's suit to enforce his lien is localized in Johnson county. It is also clear from the pleadings in the case at bar that appellants have not selected "the forum most convenient for the conduct of the litigation." Although appellants are residents of Sebastian county, they now own and operate the ice company in Johnson county where the property and court records are located and the lien claimant resides. Litigation of a claim for labor and materials would also doubtless involve the testimony of witnesses residing in that county. The effect of requiring laborers and materialmen to litigate their claims in counties other than the situs of the property might in many cases deprive said claimants of the right of compensation which the statute (§ 51-615) was designed to protect.

The trial court also correctly denied judgment in favor of appellees, M. B. Morgan and Ava Morgan, on their cross-complaint against appellants for $5,000. The contract of purchase provides that appellants shall continue to hold the $5,000 balance of the purchase price until all pending lien claims "have been settled and dismissed or otherwise disposed of." Appellants are, therefore, not required to pay over the $5,000 until the lien claims are discharged.

The decree is affirmed on both direct and cross-appeal.