GARVAN *v.* KIMSEY

5-3510                                        389 S. W. 2d 870

Opinion Delivered April 12, 1965.

[As amended on denial of rehearing May 31, 1965.]

*Moses, McClellan, Arnold, Owen & McDermott,* for appellant.

*Glover & Glover,* for appellee.

JIM JOHNSON, Associate Justice. The question here involved is the validity of a tax sale of non-producing minerals separate from the land.

The facts are generally not in dispute. Appellee Joe W. Kimsey and twenty-two other property owners in the Magnet Cove area of Hot Spring County entered into one-year lease agreements with W. A. Keith in April, 1954, for exploration, research and mining minerals on about 900 acres of land. After recording of the leases, the Hot Spring County Tax Assessor assessed the mineral interests for the year 1954 separate from the realty, ostensibly undertaking to act under the provisions of Ark. Stat. Ann.

§ 84-203 (Repl. 1960). In August, 1955, Keith executed a release of the lease agreements which was also recorded. In November, 1955, the taxes on the mineral interests assessed in Keith's name were declared delinquent and at public sale [the Sheriff's Certificates of Purchase] were purchased by appellant, Mrs. V. C. Garvan. On January 8, 1958, the County Clerk issued a Clerk's Deed of Tax Sale to appellant. On September 21, 1963, appellees filed their petition in Hot Spring Chancery Court against appellant to quiet title and remove the cloud from the nonproducing minerals.

In its decree of March 3, 1964, the court found that appellant secured by her purchase at tax sale only the title of the lessee Keith, which was for one year unless renewed for one year by payment of $10.00 per acre, which was not paid; further, that since the leases had expired by their own terms, the court felt it unnecessary to make a determination whether the original leases constituted a severance of the mineral interest from the fee; and decreed that the tax deeds were a cloud on appellees' titles and declared them void. From the decree comes this appeal.

For reversal appellant contends that at the tax sale appellant acquired not only the lessees' mineral interests, but also the interest of the lessors, and has thus become the sole owner of all the mineral interests.

The statute on separate tax assessment of mineral rights, § 84-203, reads as follows:

"When the mineral rights (and) or timber rights in any land shall, by conveyance or otherwise, be held by one or more persons, and the fee simple in the land by one or more other persons, it shall be the duty of the assessor when advised of the fact, either by personal notice, or by recording of the deeds in the office of the recorder of the deeds in the office of the recorder of the county, to assess the mineral rights (and) or timber rights in said lands separate from the general property therein. And in such a case a sale of the mineral (and) or timber rights for nonpayment of taxes shall not affect the title to the land itself, nor shall a sale of the land for nonpayment of taxes

affect the title to the mineral rights. (and) or timber rights. When any mineral rights (and) or timber rights assessed as above-set out, become forfeited on account of nonpayment of taxes, same shall in all things be certified to and redeemed in the same manner as is now provided for the certification and redemption of real estate upon which taxes duly assessed have not been paid.''

The telling words in the statute above are: ''by conveyance or otherwise.'' Our cases have consistently held that conveyance by deed constituted an effectual constructive severance of the mineral rights from the fee and thus subjected to assessment and forfeiture under § 84-203. However, this court has also held that an oil and gas lease does not of itself constitute constructive severance of the two estates, but conveys only an interest and easement in the land itself and no title passes until the oil and gas are reduced to possession. (*Pasteur* v. *Niswanger,* 226 Ark. 486, 290 S.W. 2d 852; *Clark* v. *Dennis,* 172 Ark. 1096, 291 S.W. 807; 16 Ark. L. Rev. 301.) In *Quality Coal Company* v. *Guthrie,* 203 Ark. 433, 157 S.W. 2d 756, this court said: ''While in Arkansas the two interests [estate in the surface and estate in the oil and minerals] may be severed, we do not understand that the mere fact of leasing the lands for exploration purposes *ipso facto* creates such severance.'' Nor are we convinced from our search of relevant Arkansas law that a short-term non-producing mineral lease, as is here involved, is such a severance as to fall within the terms of § 84-203, *supra.*

Appellant insists that *State* v. *Arkansas Fuel Oil Company,* 179 Ark. 848, 18 S. W. 2d 906, holds to the contrary. A careful re-examination of that case including the original transcript discloses that the question there presented had to do with producing oil wells. Even though the broad language of the dissenting opinion rendered in that case seems to indicate otherwise, we are unwilling to say here that the court intended to extend the rule announced by the majority to cover short-term non-producing mineral leases.

We therefore conclude that the minerals here involved were never severed (constructively or in any other way) from the land.

Affirmed.