FRANK A. ROGERS & COMPANY, INC. et al *v.*
Honorable Perry V. WHITMORE, Judge, Pulaski County
Circuit Court, Second Division

81-235                                          629 S.W. 2d 293

Supreme Court of Arkansas
Opinion delivered March 15, 1982

*Gill, Skokos, Simpson, Buford & Owen,* for petitioners.

*Steve Clark,* Atty. Gen., by: *Rodney E. Slater,* Asst. Atty.

Gen., and *Rose Law Firm,* for respondent.

JOHN I. PURTLE, Justice. This is an original action in this court for a writ of prohibition to the Circuit Court of Pulaski County (Second Division) to prohibit the court from trying Case No. 79-3815. Petitioners argue the respondent has neither jurisdiction nor venue to try this cause of action contending Ark. Stat. Ann. § 27-601 (Repl. 1979) requires the action to be brought in Crittenden County. We disagree and deny the writ.

Petitioners are all defendants in the Pulaski County Circuit Court, Case No. 79-3815. They were sued in Pulaski County in both tort and contract. The suit arose from contracts for construction and the alleged faulty construction of a parking lot in Crittenden County, Arkansas. Petitioner Rogers was the general contractor for the plaintiff, RA-RPM and RPM Realty Fund, in the suit presently pending in the Pulaski County Circuit Court. The other petitioners were subcontractors on the project. The shopping center parking lot was completed in Crittenden County in October 1974. Shortly thereafter, the plaintiffs allege that the lot began to deteriorate and that it was unfit for its intended use. The complaint for damages included negligent design, improper drainage, inadequate paving, failure to do the work in the proper manner and negligent supervision. The complaint was amended for the fourth time on August 17, 1981, and thereafter the petitioners challenged the jurisdiction of the court. The original complaint and the three amended complaints had been answered and no question of venue had been presented until the fourth amended complaint.

If this case involved primarily damage to real estate then venue would properly lie in Crittenden County pursuant to Ark. Stat. Ann. § 27-601. However, the allegation of damage and prayer for relief shows that the real action in the case is on contract. The plaintiff properly sued in Pulaski County because at least one of the defendants was a resident of Pulaski County. Ark. Stat. Ann. § 27-613 (Repl. 1979). We treated a question almost on all fours recently in *Atkins Pickle Co.* v. *Burrough-Uerling-Brasuell, Consulting*

*Engrs., Inc.,* 275 Ark. 135, 628 S.W. 2d 9 (1982). In *Atkins* the complaint alleged that the action arose out of damage to real estate and therefore was required to be brought in the county where the real estate was situated. We think the same reasoning as applied in *Atkins* applies here inasmuch as the object of the petitioners' defense is to defend against allegations of damages for breach of contract. In *Atkins* we stated:

> Under the allegations of the complaint the plaintiff cannot establish its right to recover except by proving a contract and the defendants' failure to perform their promises. That one of several consequences of that failure was a physical damage to land is merely an incident to the plaintiff's cause of action, not the basis for it. Thus the substance of the complaint states a transitory cause of action, not a local one.

We think the trial court was correct in ruling that Pulaski County was the proper venue for this cause of action. This action could have been brought in Pulaski county pursuant to our general venue statute, Ark. Stat. Ann. § 27-613 or under Ark. Stat. Ann. § 27-621 (Repl. 1979).

Writ denied.

HAYS, J., not participating.