Dennis ZOLPER *v.* AT&T INFORMATION SYSTEMS,
INC. and CHASE COMMERCIAL CORPORATION

86-8                                        709 S.W.2d 74

Supreme Court of Arkansas
Opinion delivered May 12, 1986

*Henry, Walden & Davis*, for appellant.

*House, Wallace, Nelson & Jewell, P.A.*, by: *Lawrence E. Chisenhall, Jr.* and *John R. Clayton*, for appellee.

JACK HOLT, JR., Chief Justice. The question presented by this appeal is whether venue is proper in Craighead County for an action against a foreign corporation registered to do business in Arkansas and having a place of business in Craighead County where the cause of action arose. The Craighead County Circuit Court held that venue was proper only in Pulaski County, where the foreign corporation's principal place of business is and where it was served, and dismissed the action. We reverse and remand. Jurisdiction in this court is pursuant to Sup Ct. R. 29(1)(c).

Appellant, Dennis Zolper, purchased by contract a telephone system for his business from appellee, AT&T Information Systems, Inc. Appellant's business is in Jonesboro, the county seat of Craighead, and the purchase was from appellee's place of business in Jonesboro. The contract was later assigned to Chase Commercial Corporation, a Delaware corporation not registered to do business in Arkansas. Appellant brought this action in Craighead County against both AT&T-IS and Chase, alleging that the finance charge on the contract constituted a usurious interest rate of 18% per annum. Summons was served on AT&T-IS on its registered agent for service in Pulaski County. Chase was served by use of the Arkansas long-arm statute, Ark. Stat. Ann. § 27-2502 (Repl. 1979).

AT&T-IS and Chase jointly moved to dismiss the complaint, asserting that venue was proper only in Pulaski County where AT&T-IS has its principal place of business and agent for service. Chase also alleged that it lacked sufficient minimum contacts with Arkansas to be subject to the jurisdiction of Arkansas courts under the long-arm statute, however, this issue is not before us on appeal.

Appellant contends that the circuit court erred in holding that Ark. Stat. Ann. § 27-609 (Repl. 1979) does not establish venue in this situation and we agree. That statute provides:

> An action, other than those mentioned in sections 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1172, 1173, 1174, 1175 of Crawford & Moses' Digest of the Statutes of Arkansas, against a *person*, firm, copartnership or associa-

tion engaged in business in this State which has or maintains more than one office or place of business in this State, may be brought in any county in which such *person*, firm, copartnership or association has or maintains any office, branch office, sub-office or place of business and service of process upon an agent of any such *person*, firm, copartnership or association at any such office, branch office, sub-office or place of business shall be service upon such person, firm, copartnership or association. (Emphasis added)

■ The circuit court ruled that this section does not apply to corporations, and that venue was set by Ark. Stat. Ann. § 27-613 (Repl. 1979) in the "county in which the defendant, or one of several defendants, resides, or is summoned." Arkansas Stat. Ann. § 27-109 (Repl. 1979), however, states that "the word person includes a corporation as well as a natural person." Other venue statutes, Ark. Stat. Ann. §§ 27-611 and 27-613—615 (Repl. 1979), have been held applicable to corporations based on this section. *Woodruff Elec. Coop. Corp.* v. *Weis Butane Gas Co.*, 221 Ark. 686, 255 S.W.2d 420 (1953); *East Texas Motor Freight Lines* v. *Wood*, 218 Ark. 211, 235 S.W.2d 882 (1951); *Harger* v. *Oklahoma Gas & Electric Co.*, 195 Ark. 107, 111 S.W.2d 485 (1937).

■ It is true that § 27-609's list of actions excluded from its coverage includes Ark. Stat. Ann. § 27-608 (Repl. 1979) (Crawford & Moses' Digest § 1174). This section purports to give venue for actions against non-resident individuals and foreign corporations "in any county in which there may be property of or debts owing to the defendant." We have held that this section does not control venue when a foreign corporation is doing business in this state and has a resident agent upon whom process may be served. *Cavette* v. *Ford Motor Credit Co.*, 260 Ark. 874, 545 S.W.2d 612 (1977). This is so because "venue cannot constitutionally be laid against a foreign corporation in any county where the venue would not be proper in a suit against a domestic corporation or a resident individual." *Power Manufacturing Co.* v. *Saunders*, 274 U.S. 490 (1927). Section 27-608 cannot be, and was never asserted as, the basis for venue in this action. Furthermore, Ark. Stat. Ann. § 27-605 (Repl. 1979), a venue statute for domestic corporations, is not excluded by the list in § 27-609. We see no

reason why the Legislature would intend to make domestic corporations and not foreign corporations subject to the venue of counties where the corporation has a place of business or office.

Appellee's only other argument pertaining to the application of § 27-609 is based on *Harger, supra,* which stated in dicta that, if not for Ark. Stat. Ann. § 27-347 (Repl. 1979), a corporation domiciled in one county, but having a branch office in another county, would not be subject to suit in the latter county. This case never mentioned § 27-609, and we do not find it necessary to follow its implications which likely resulted from a mere oversight.

The policy behind Act 74 of 1935, which created § 27-609, can be found in the preamble to that Act, which reads:

> WHEREAS, large and numerous business enterprises of various kinds are being operated in the State of Arkansas by individuals, firms, co-partnerships and association of persons and under the law as it now exists the venue for suits against them is fixed in the county of their residence or where such person or a member of the firm, co-partnership or association may be found, and in many instances this works to the disadvantage of those who deal with such person, firm, co-partnership or association by requiring the person so desiring to sue to go to the place of residence of such person, firm, co-partnership or association and it is the purpose of this Act to relieve against this situation.

The Legislature clearly intended that when a business enterprise, regardless of its form, maintains an office or place of business in counties other than its principal place of business, the business enterprise should be subject to the venue of those other counties. This policy is as equally applicable to corporations as it is to natural persons, firms, co-partnerships and associations. In the present case, the transaction took place in Craighead County; the appellant's business where the system was installed is there; the appellee has a place of business there; and presumably the witnesses and evidence are located there. The only connection with Pulaski County is that the designated agent for AT&T-IS was served there, which is permissible under Ark. Stat. Ann. § 27-350 (Repl. 1979) and Ark. Stat. Ann. § 64-1223 (Repl. 1979),

and AT&T-IS's principal place of business is there. These facts demonstrate the logical reasons for finding that the Legislature intended § 27-609 to create venue in an action against a corporation, foreign or domestic, in a county where the corporation elects to establish a place of business or branch office. Venue properly rests in Craighead County.

Reversed and remanded.

PURTLE and NEWBERN, JJ., not participating.