TWO BROTHERS FARM, INC.; Sylvester Holloway and
Donnell Holloway, In Their Individual Capacities *v.*
RICELAND FOODS, INC.

CA 96-800                                          940 S.W.2d 889

Court of Appeals of Arkansas
Division IV
Opinion delivered April 2, 1997

*Bowden Law Firm*, by: *David O. Bowden*; and *Walker, Campbell, Ivory & Dunklin*, by: *George S. Ivory, Jr.*, for appellants.

*Williams & Anderson*, by: *G. Alan Perkins*, for appellee.

SAM BIRD, Judge. Plaintiffs, Sylvester Holloway and Donnell Holloway, appeal from a decision of the Pulaski County Circuit Court granting a motion to dismiss their complaint for lack of venue pursuant to Ark. R. Civ. P. 12(b)(3). The Holloways are the owners, operators, and officers of Two Brothers Farm, Inc., a corporation licensed under Arkansas law and located in Prairie County, which is also the residence of the Holloways. The appellants brought suit in Pulaski County Circuit Court against Riceland Foods, Inc., an agricultural cooperative association created under Ark. Code Ann. §§ 2-2-101 through 249 (Repl. 1996), which has its main office in Arkansas County and a branch office in Pulaski County. Two Brothers alleged breach of contract, intentional interference with contractual relations and business expectancies, race discrimination, and unfair trade practices.

Two Brothers argues that venue is proper in Pulaski County because Riceland is a corporation or at least an association; therefore, the venue provision under Ark. Code Ann. § 16-60-105 (1987) applies; and that since this provision applies, venue is

appropriate in any county in which the "person, firm, copartnership, or association maintains any office, branch office, suboffice or place of business." However, Riceland argues that venue is improper in Pulaski County because Riceland is an agricultural cooperative association; therefore, none of the specific venue provisions apply. Riceland argues that it is not a corporation or an association and venue would be established under Ark. Code Ann. § 16-60-116 (1987), which is a general venue provision stating that if other venue provisions are not applicable, then venue is proper in the county in which the defendant resides or is summoned. Therefore, appellee argues venue would be proper only in Arkansas County, its principal place of business.

A hearing was conducted on March 1, 1996, and the judge granted appellee's motion to dismiss because "[n]one of the alleged causes of action are addressed in any of the specific statutory venue provisions codified in ACA 16-16-101 [sic] to - 115. . . . The Arkansas Supreme Court has said repeatedly that its underlying policy is to fix venue in the county of defendants' residence unless there is a statutory exception." We reverse and remand for further proceedings.

An appellate court will not reverse a court's findings of fact unless they are clearly against the preponderance of the evidence, Ark. R. Civ. P. 52(a); however, whether venue is appropriate in a particular county is a matter of law. In this case, the court erred in finding that venue was not appropriate in Pulaski County.

The appellants argue that venue is appropriate in Pulaski County, and they cite Ark. Code Ann. § 16-60-105, which reads:

> An action other than those mentioned in §§ 16-60-101, 16-60-102, 16-60-106 - 16-60-108, 16-60-110, against a person, firm, copartnership, or association engaged in business in this state which has or maintains more than one (1) office or place of business in this state, may be brought in any county in which the person, firm, copartnership or association has or maintains any office, branch office, suboffice, or place of business, and service of process upon an agent of any person, firm, copartnership, or association at any such office, branch office, suboffice, or place of

business shall be service upon such person, firm, copartnership, or association.

A person includes a corporation. Ark. Code Ann. § 16-55-102(11) (1987).

Appellants argue that Pulaski County is an appropriate venue in this action against Riceland because Riceland is either an association or a corporation. Even under prior law, a corporation or an association may be sued in the county in which it has its principal place of business, the county where its chief executive officer resides, or the county where it has any branch offices. *Duncan Lumber Co. v. Blalock*, 171 Ark. 397, 284 S.W. 15 (1926), *overruled on other grounds*, *Anheuser-Busch, Inc. v. Manion*, 193 Ark. 405, 100 S.W.2d 672 (1937).

■ The legislature enacted Ark. Code Ann. § 16-60-105 for the purpose of allowing plaintiffs to sue any of the entities listed in that section in either the county in which its principal place of business is located or in a county in which one of the branches is located. The preamble to Act 74 of 1935, which is now section 16-60-105, reads:

> WHEREAS, large and numerous business enterprises of various kinds are being operated in the State of Arkansas by individuals, firms, co-partnerships and association of persons and under the law as it now exists the venue for suits against them is fixed in the county of their residence or where such person or member of the firm, co-partnership or association may be found, and in many instances this works to the disadvantage of those who deal with such person, firm, co-partnership or association by requiring the person so desiring to sue to go to the place of residence of such person, firm, co-partnership or association and it is the purpose of this Act to relieve against this situation.

*See Zolper v. AT&T Info. Systems, Inc.*, 289 Ark. 27, 709 S.W.2d 74 (1986). In *Zolper*, the court considered the question of whether a corporation may be sued only in the county of its principal place of business or whether it may be sued in a county in which one of its branch offices is located. The court quoted the preamble of Act 74 and further wrote, "The Legislature clearly intended that when a business enterprise, regardless of its form,

maintains an office or place of business in counties other than its principal place of business, the business enterprise should be subject to the venue of those other counties." *Zolper*, 289 Ark. at 30, 709 S.W.2d at 76.

However, appellee argues that neither the statute nor its purpose applies to Riceland because it is not a corporation, but an agricultural cooperative association, a distinct legal entity created by statute, which is codified at Ark. Code Ann. § 2-2-101 through 249 (Repl. 1996). Therefore, the appellee cites the general rule that a defendant should be sued in the county of its residence, unless there is a statutory exception, *Atkins Pickle v. Burrough-Uerling-Brasuell*, 275 Ark. 135, 628 S.W.2d 9 (1982).

██ We do not find appellee's arguments persuasive. First, Riceland is a business enterprise, as described in *Zolper*. Second, an agricultural cooperative association is considered a unique form of a corporation "and courts have traditionally applied general corporate law principles to cooperative issues." Mary Elizabeth Matthews, *Corporate Statutes — Which One Applies?*, 13 U.A.L.R. L.J. 69, 83-84 (1990). And finally, Ark. Code Ann. § 2-2-428 (Repl. 1996) provides that general corporation laws shall apply to the associations organized under subchapter 2 of Title Two, which sets out the requirements for an agricultural cooperative association. Therefore, corporation laws apply to agricultural cooperative associations, and venue is proper in either the county in which the association's principal place of business is located or in the county in which one of its branch offices is located.

Appellee also argues venue was improper because the case has no relationship to Pulaski County; that the acts alleged to have been committed occurred in Arkansas County and not Pulaski County; and that most, if not all, of the documents, witnesses, and records are located in Arkansas County. For this argument, the appellee cites *Fraser Bros. v. Darragh Co.*, 316 Ark. 297, 871 S.W.2d 367 (1994), which held that if the plaintiff has failed to allege that the defendant has its principal office in Woodruff County, is situated there, or that its chief executive officer resides in the county, then the plaintiff has failed to establish venue and a motion to dismiss for lack of venue should be granted. However,

in the case at bar, the plaintiffs alleged that Riceland has a branch office in Pulaski County and argued that some witnesses will be coming from Russellville, which is closer to Pulaski County than it is to Arkansas County; and that both parties' attorneys are located in Pulaski County.

Because an agricultural cooperative association is governed by general corporation laws, venue for an agricultural cooperative association may be established under Ark. Code Ann. § 16-60-105; therefore, Riceland may be sued in either the county in which its principal place of business is located or in the county in which it maintains a branch office. Therefore, the court erred when it granted appellee's motion to dismiss for lack of venue. The order granting the motion to dismiss is reversed, and this case is remanded to the circuit court for further proceedings.

Reversed and remanded.

JENNINGS and GRIFFEN, JJ., agree.