RIVER BAR FARMS, L.L.C., and Compton Properties *v.*
Leo MOORE and Lewis Moore

CA 03–336                                         118 S.W.3d 145

Court of Appeals of Arkansas
Division IV
Opinion delivered September 24, 2003

*Joel Taylor*, for appellants.

*Streett Law Firm, P.A.*, by: *Alex G. Streett*, for appellees.

LARRY D. VAUGHT, Judge. This appeal is from the Conway County Circuit Court's imposition of a prescriptive easement in favor of appellees Leo Moore and Lewis Moore over land that is owned by appellants River Bar Farms, L.L.C., and Compton Properties in Perry County. Appellants appeal from the trial court's refusal to dismiss this action on the basis of improper venue. We find no error and affirm.

Appellants reach their land by way of a Conway County dirt road, over which they have a written easement. A bridge and a locked gate are located on this road. Evidence was introduced at trial demonstrating that the bridge and gate are in Conway County. The road extends across appellants' land to appellees' property. Since purchasing their property in 1989, appellees have had a key to the gate and have also used the road for ingress and egress. A dispute between the parties arose in 2001, and appellants changed the lock on the gate, preventing appellees from using the road. Appellees then filed a complaint in Conway County against appellant River Bar Farms, seeking injunctive relief directing appellants to permit appellees to use the gate and preventing them from interfering with appellees' use of the roadway. In their complaint, appellees asserted that they had acquired an easement by prescription over the road across appellants' property. The court issued a temporary restraining order prohibiting appellants from "maintaining a lock on the gate in Conway County," or, in the alternative, permitting appellants to place an interlocking lock on the gate that provides access to appellees.

Appellants moved to dismiss on the ground that venue lay in Perry County, where appellants' land is located, citing Ark. Code Ann. § 16-60-101 (1987). In this motion, appellants stated that they did not contest the injunctive relief. They also argued that appellees had failed to name a necessary party to the action, Compton Properties. Appellees filed an amended complaint adding Compton Properties as a defendant, asserting a prescriptive easement over appellants' land, and requesting injunctive relief. Appellants filed a second motion to dismiss, which the court did not grant.

Appellees testified at trial that the gate is in Conway County and that they had used the road as a matter of right since purchasing their property. The circuit court made the following findings:

> [P]laintiffs' Exhibit 17 which was stipulated to by counsel for both parties, shows the road beginning in Conway County and traversing into Perry County upon the land of the defendants which is more particularly described as shown on Exhibit A to this decree and made a part thereof and continuing until it reaches plaintiffs' property, which is more particularly described as shown on Exhibit B attached to the Court's decree and made a part thereof. Plaintiffs' Exhibit 17 shows this road to be county road 247. The exhibit does not show the county road 247 continuing entirely across defendants' property but the testimony of both the plaintiffs and defendants shows that it continues until it reaches plaintiffs' property and shortly before reaching it, it forks to the right into a hay meadow of plaintiffs' property.

> The Court finds that that portion that was designated on the map as county road 247 doesn't require permission from adjoining land owners for the use thereof and it appears to the Court that this road has been used by previous owners.

> The Court further finds that the plaintiffs have established a prescriptive easement under the remainder of the road including the right fork that goes into a hay meadow and that the plaintiffs have established a right to use this road for ingress and egress, including the right fork, but they are not permitted to leave this road and cross onto the defendants' land for hunting or any other purpose.

....

The Court therefore finds that the plaintiffs have established a prescriptive easement across the entire length of the road as it traverses the property of defendants, including the right fork to their hay meadow and the defendants are restrained from interfering with their use of the road, including the right fork, in any manner. The Court finds that the defendants have the right to put a gate and a lock on it, that the plaintiffs are entitled to place a lock and interlock it with any lock placed thereon by the defendants. The Court finds that the prescriptive use of the road is that which has been used over a period of time as shown by the map as set out on plaintiffs' Exhibit 17, and continuing upon its present course. The Court further finds that the width of the road is the width that has been established by usage and the defendants are enjoined from taking any action that would narrow the width of the road.

## Argument

The only issue raised in this appeal is whether the trial court erred in its determination of venue. According to appellants, venue was appropriate in Perry, not Conway, County, because appellees sought a prescriptive easement across land located in Perry County.

## Standard of Review

Whether venue is appropriate in a particular county is a matter of law. *Two Bros. Farm, Inc. v. Riceland Foods, Inc.*, 57 Ark. App. 25, 940 S.W.2d 889 (1997).

## Venue

We note that the parties have used the terms "venue:" and "jurisdiction" somewhat interchangeably in their briefs; in fact, the confusion between these terms is not uncommon. *See* David Newbern, et al., *Arkansas Civil Practice & Procedure* § 6-1, at 90 (3d ed. 2002). However, the concepts are distinguishable:

> Jurisdiction is the power and authority of the court to act, while venue is the place where the power to adjudicate is to be exercised. Consequently, venue should have to do with nothing but choosing among courts of two or more places in which subject matter and personal jurisdiction exist.

*Id.; accord Arkansas Game & Fish Comm'n v. Harkey,* 345 Ark. 279, 45 S.W.3d 829 (2001).

Ordinarily, if the effect of a decree is to reach and operate upon the land itself, it is regarded as a proceeding *in rem,* and is a local action, which must be brought in the county where the land is situated. *Drum v. McDaniel,* 215 Ark. 690, 222 S.W.2d 59 (1949); *Estate of Sabbs v. Cole,* 57 Ark. App. 179, 944 S.W.2d 123 (1997). Arkansas Code Annotated section 16-60-101 (1987) provides that actions for the recovery of real property, or of an estate or interest therein, must be brought in the county in which the subject of the action, or some part thereof, is situated. It is clear that the land over which appellees established a prescriptive easement is in Perry County.

However, in this case, venue was proper in the Conway County Circuit Court because a transitory claim—the request for an injunction prohibiting appellants from interfering with appellees' use of the gate in Conway County—was included in the complaint.[1] In actions such as this, venue is determined by the essential character of the action. In *Atkins Pickle Co. v. Burrough-Uerling-Braswell Consulting Engineers, Inc.,* 275 Ark. 135, 138, 628 S.W.2d 9, 11 (1982), the supreme court said that, when a transitory cause of action is combined with a local cause of action in a complaint, venue is determined by "the real character of the action, by its principal purpose or object, by the principal right being asserted. *Accord Frank A. Rogers & Co. v. Whitmore,* 275 Ark. 324, 629 S.W.2d 293 (1982). In this case, the principal right asserted in appellees' complaint was a request for injunctive relief prohibiting appellants from interfering with appellees' right to use the bridge and gate in Conway County. Therefore, the essential character of this action, as demonstrated by the complaint, established venue in Conway County; appellees' later concession of the injunctive-relief issue did not defeat that venue, once established. Accordingly, the trial court's refusal to dismiss on the basis of venue was correct.

Affirmed.

---

[1] Appellants argue that it was not proven at trial that the gate is actually located in Conway County and they point out that the trial judge made no finding to that effect in the final decree. Appellees, however, presented testimony that it is located in Conway County.

STROUD, C.J., and BIRD, J., agree.