
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–13–315

|  |  |
|---|---|
| | **Opinion Delivered** December 18, 2013 |
| JOHN RYAN KING<br>APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. CV-2012-118] |
| V. | |
| | HONORABLE RICHARD L. PROCTOR, JUDGE |
| WILLIAM STEVEN CARTER<br>APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

John Ryan King appeals the circuit court's order that dismissed his complaint against William Carter due to improper venue. King argues that the circuit court should not have considered a collision report that listed King's residence in Pulaski County and that he was not allowed to offer proof to rebut this report. We affirm.

On 14 May 2012, King filed a complaint against Carter in the Phillips County Circuit Court for injuries he allegedly received in a car accident. According to King, Carter rear-ended King's vehicle when he was stopped at a red light in Little Rock. Carter moved to dismiss the case, citing a lack of jurisdiction over the subject matter, lack of jurisdiction over him, and improper venue. Carter argued that he and King resided in Pulaski County when the accident occurred and that the accident occurred in Pulaski County, so Phillips County was an improper venue for the case. Attached to the motion was a "Motor Vehicle Collision Report" from the accident that listed King's address as 701 Green Mountain Drive, #1014,

SLIP OPINION

in Little Rock.

King acknowledged the address listed on the collision report but denied that he resided in Pulaski County when the accident occurred. He argued that "while he was in Pulaski County searching for employment, his permanent residence was at all times in Phillips County, 601 PC 319, West Helena, AR 72390. " He stated that he was staying with family at the Little Rock address while looking for employment and that the Little Rock address was his "mailing address." The circuit court agreed with Carter that Pulaski County was the proper venue and granted the motion to dismiss.

Unless the pleadings on their face show that an action was commenced in the wrong county, then the circuit court is presented with a fact-based question. *See Ison Props, LLC v. Wood*, 85 Ark. App. 443, 156 S.W.3d 742 (2004). A defendant objecting to the venue has the burden of proving the essential facts. *Id.* We will not reverse a circuit court's findings of fact—whether they are based on oral or documentary evidence—unless they are clearly erroneous or clearly against the preponderance of the evidence. *See* Ark. R. Civ. P. 52(a); *Two Bros. Farm, Inc. v. Riceland Foods, Inc.*, 57 Ark. App. 25, 940 S.W.2d 889 (1997). But whether venue is appropriate in a particular county is ultimately a question of law. *River Bar Farms, L.L.C. v. Moore*, 83 Ark. App. 130, 118 S.W.3d 145 (2003).

King first suggests that venue should be determined from the allegations in the complaint alone, though he also acknowledges that the party objecting to venue has the burden to establish an improper venue. *See Helm v. Mid-Am. Indus., Inc.*, 301 Ark. 521, 785 S.W.2d 209 (1990). King's complaint alleged that he was a "citizen and resident of Phillips

2

SLIP OPINION

County, Arkansas, and was at all times relevant to this Complaint." Because Carter objected to venue, he had the burden of proving that venue was not proper in Phillips County. King argues on appeal that Carter failed to meet that burden. King also asserts that "because the trial court held no hearing or received any evidence," this court should remand for further proceedings. King has cited no authority for the argument that a hearing must be held on a motion to dismiss, so we will not address this point further.

King contends that the circuit court mistakenly considered the collision report because, under Ark. Code Ann. § 27-53-208(b)(1) (Repl. 2010), which governs use of accident and supplemental reports, "[n]o report shall be used as evidence in any civil or criminal trial arising out of an accident." Carter essentially argues that this statute does not apply in this case. We hold that King did not raise this argument below, so we will not review it. *See Boellner v. Clinical Study Ctrs.*, 2011 Ark. 83, 378 S.W.3d 745.

We will address King's point that, even if the court properly considered the report, then this court should still reverse because he "had no opportunity to meet proof with proof." King asserts: "The trial court deprived Appellant his opportunity to present proof on the matter. The trial court decided the issue based on the exhibit that was generated from information taken from a driver's license that could be several years old." Carter counters that almost seven months passed between the time the motion to dismiss was filed and the circuit court's ruling, which gave King plenty of time to respond and file his own affidavit or other address or residence-related evidence. King responded to the motion to dismiss, but he did not offer any evidence that he did not reside at the Little Rock address listed on the report.

3

Nor did King present any evidence that his actual residence was in Phillips County. The circuit court had sufficient facts before it to conclude that King's case was improperly filed in Phillips County rather than Pulaski County.

Affirmed.

GRUBER and WOOD, JJ., agree.

*Charles E. Halbert, Jr.*, for appellant.

*Laser Law Firm*, by: *Kevin Staten* and *Brian Allen Brown*, for appellee.