## JOE WILLIAMS ET AL v. PULASKI COUNTY ELECTION COMM'N ET AL

5-5487                                      459 S. W. 2d 52

Opinion delivered October 23, 1970

*John Langston* and *Dave Witt*, for appellants

*Hubert Mayes, Jr., Jack Lessenberry* and *Joe Kemp*, for appellees.

RICHARD H. MAYS, Special Justice. This is an appeal from an action filed in Pulaski County Circuit Court by Joe Williams, a citizen and elector of the City of Little Rock, Pulaski County, Arkansas, against the Pulaski County Election Commission and the potential

seven candidates for the office of Municipal Judge of Little Rock, Arkansas, to be voted upon in the forthcoming general election. Williams alleged in his Complaint in the trial court that none of the potential candidates for Municipal Judge were qualified because they had not filed a Political Practice Pledge with the Pulaski County Clerk under the provisions of Act 27 of 1970 at the time of the filing of their Petitions for Nominations with the Little Rock City Clerk. Williams asked for a declaratory judgment declaring which candidates had legally qualified as a candidate for Municipal Judge and that the Pulaski County Election Commission be enjoined from placing the names of any candidate for Municipal Judge on the ballot who had not complied with the provisions of Act 27 of 1970.

The trial court entered an order temporarily enjoining the Pulaski County Election Commission from printing the ballots for the office of Municipal Judge, and all of the potential candidates for the office filed Answers to the Complaint denying that they were required to file a Political Practice Pledge on the basis that the provisions of Act 27 of 1970 did not apply to candidates for that office, with the exception of Carl Langston, a potential candidate for the office, who filed a Separate Answer and Cross Complaint in which he alleged that he filed a Political Practice Pledge under the provisions of Act 27 of 1970 within the time provided for by law and that he was the only qualified candidate for Municipal Judge. He requested the trial court to declare him to be the only qualified candidate and to enjoin the Pulaski County Election Commission from placing any other names on the ballot for Municipal Judge except his. The City of Little Rock intervened and alleged that potential candidates for its Board of Directors who are to be elected in the November 3 general election had not filed a Political Practice Pledge in accordance with said Act 27 of 1970, and requested that the trial court declare the candidates for directors to be qualified.

At the hearing before the trial court, it appeared

that only candidate Carl Langston had filed his Political Practice Pledge with the County Clerk. In addition, it appeared that the remaining candidates for the office of Municipal Judge had made inquiry of the City Clerk and the City Attorney at the time of their Petitions for Nomination as to whether any additional filing would be required and were advised by the City Clerk and City Attorney that no other filing was necessary. The remaining candidates for the office of Municipal Judge subsequently filed Political Practice Pledges with the County Clerk, although such filings would not have been within the time required by Act 27 of 1970, if it applied to that office.

The trial court entered its judgment declaring all of the potential candidates for Municipal Judge and Board of Directors of Little Rock to have been duly qualified, and held that Act 27 of 1970 did not apply to these municipal elections. It is our opinion that the judgment of the trial court should be affirmed.

The history of the considerable legislation relative to this case has been well presented by the excellent briefs of the parties in this case. The City of Little Rock has, since 1957, operated under a city manager form of government, which form of government was authorized by the General Assembly by Act 99 of 1921, and amended by Act 8 of 1957, the same being codified as Arkansas Statute 19-701 et seq. Arkansas Statute 19-705 sets forth the procedure for nomination of candidates to the Board of Directors of a city operating under a city management form of government. Essentially, the candidate must file a Petition with the City Clerk or Recorder bearing no less than 50 signatures of qualified voters of the city during a period of time not more than 60 days nor less than 40 days prior to the election. After certifying as to the sufficiency of the Petitions for Nomination, the City Clerk or Recorder certifies the names of candidates who have duly qualified to the County Election Commission who places their names on the ballot and conducts the election.

Act 38 of 1968 provided that a city with a city management form of government may, by ordinance, provide for the election of Municipal Judges in that city at biennial general elections, in which event the candidates for such office shall be nominated and elected in accordance with the applicable provisions of Arkansas Statute 19-704 and 19-705. The City of Little Rock adopted such an ordinance in 1968.

In 1969, the General Assembly enacted Act 465 (Ark. Stat. 3-101 et seq.) which compiled and revised many of the election laws of the State of Arkansas into a comprehensive election code. Act 465 deals primarily with party primary, general and special election procedures and specifically repealed a large number of previously existing statutes. *Arkansas Statute* 19-704 and 19-705 were not included within those statutes which were specifically repealed by Act 465 of 1969.

Section Three of Article 11 of Act 465 of 1969 (*Ark. Stat.* 3-1103) provided for the filing of a Political Practice Pledge in writing by candidates for state, district, county, municipal or township offices. This pledge was to be filed not later than 12:00 o'clock noon on the third Tuesday of June before the preferential primary election, except in the case of a write-in candidate, who is to file such pledge at the time he files notice to be a write-in candidate. This section was amended by Act 27 of 1970 which added a proviso that persons nominated as *independent* candidates for municipal or township offices for which no political primary is held shall file such Political Practice Pledge at the same time he files his Petition for Nomination as provided in Section 13 (j) of Article 1 of Act 465 of 1969 (*Ark. Stat.* 3-113 (j) ).

Section 13 (j) of Act 465 (*Ark. Stat.* 3-113 (j) ), provides that Certificates of Nomination shall be filed not more than 55 nor less than 45 days prior to the day fixed by law for the election of the persons in nomination.

We are of the opinion that Act 27 of 1970 does not apply to candidates who file for office in cities operating under a city manager form of government.

*Arkansas Statutes* 19-701 et seq. are statutes dealing specifically with the subject of city manager form of government, and the method of nomination and election of officials in that form of government. Act 38 of 1968 is amendatory to those statutes, dealing specifically with the method of nomination and election of Municipal Judges in a city with a city management form of government. These statutes set forth with clarity and specificity the times within which Petitions for Nomination for the offices of Board of Directors and Municipal Judge in such cities may be filed.

On the other hand, Act 465 of 1969 covers generally the field of party primaries, general and special elections. It was intended to consolidate in one comprehensive code most of the laws of the State relative to such elections, and to modernize some of these laws. We do not believe that it was intended by the legislature to repeal and replace *all* laws of the State dealing with elections and qualification for candidacy to office. This interpretation is strengthened by the expressed purpose of the Act as set forth in the Emergency Clause, which provides: "It is hereby found and declared by the General Assembly of the State of Arkansas that the present election laws are ancient and outdated *in part* and have caused and are causing much confusion and controversy and that there are *particular* problem areas in the present law which need immediate legislation in order to resolve same..."

A general law does not apply where there is another statute governing the particular subject, irrespective of the dates of their passage. *Acme Brick Co.* v. *Arkansas Public Service Commission,* 227 Ark. 436, 299 S. W. 2d 208; *Faver* v. *Golden, Judge,* 216 Ark. 792, 227 S. W. 2d 453; *Lawyer* v. *Carpenter,* 80 Ark. 411, 97 S. W. 662; *Abbott* v. *Butler,* 211 Ark. 681, 201 S. W. 2d 1001; *Drum* v. *McDavid,* 215 Ark. 690, 222 S. W. 2d

59; *Johnson* v. *Darnell*, 220 Ark. 625, 249 S. W. 2d 5. We find this to be of particular application in this case, as the General Assembly had enacted Act 38 of 1968 only one year prior to enactment of Act 465 of 1969, and presumably were aware of Act 38 and its specific application to the election of Municipal Judges in the city management form of government. If the legislature had intended to repeal Act 38, it could have easily done so by specifying it in the list of statutes specifically repealed.

Appellant contends that Ark. Stat. 19-705 and Act 38 of 1968 were modified or amended by Act 27 of 1970. We cannot agree. In *Penney* v. *Vessells*, 221 Ark. 389, 253 S. W. 2d 968, this court held that amendments of legislation by implication, like repeals by implication, are not favored, and will not be upheld in doubtful cases. The various acts here involved are not repugnant, and it is by no means clear that the legislature intended to amend or repeal the special acts relative to nomination and election of officials in a city manager form of government. See also *Arnold* v. *City of Jonesboro*, 227 Ark. 832, 302 S. W. 2d 91; *Aday* v. *Chimes School District*, 209 Ark. 675, 191 S. W. 2d 963.

In addition, to make the provisions of Act 27 of 1970 applicable to candidates filing for positions in a city management form of government would defeat the purpose of Act 465 of 1969, which Act 27 amended. Act 465 was enacted, in part, (according to the language of the emergency clause of said Act) due to the confusion which existed in regard to the election laws of this State. However, Arkansas Statute 19-705 clearly sets forth the time limits within which candidates for the offices here involved must file their Petitions for Nominations. If Act 27 applied to these offices, then it would indirectly, by reference to Section 13 (j) of Article 1 (Ark. Stat. 3-113 (j) of Act 465, shorten the time limits within which such candidates have to file their Petitions for Nomination by one-half of the time set forth in Arkansas Statute 19-705. This creates, rather than clarifies, a most confusing situation, and one which we do not believe was intended by the General Assembly.

Act 27 of 1970 amended Section 3 of Article II of Act 465 of 1969, which required the filing of a Political Practice Pledge, because there was some confusion as to whether persons running as "independent" candidates were required to file such pledges under the language of said Section 3. Act 27 added the proviso that persons nominated as independent candidates for municipal or township offices for which no political primary is held shall file a Political Practice Pledge at the time he files his Petition for Nomination as provided in Section 3 of Article II of Act 465 of 1969. We are of the opinion that the "independent" candidates covered by Act 27 do not include candidates for Board of Directors of Municipal Judge in a city having a city manager form of government. The concept of an "independent" candidate as used elsewhere in Act 465 apparently means a candidate running without political affiliation, but who may be opposed in an election by a person running as a nominee of a political party. This is not the case in races for the offices of Board of Directors or Municipal Judge in a city with a city management form of government, as all candidates run without political affiliation and are merely *the* candidates for the respective offices. As Act 27 of 1970 is amendatory to Act 465 of 1969, we assume that the General Assembly intended the concept of an "independent" candidate as used in those two acts to be consistent. *American Workmen Ins. Co.* v. *Erwin,* 110 S. W. 2d 487, 194 Ark. 1149.

It is unnecessary, as a result of our holding, to discuss appellees' contention that they substantially complied with the provisions of Act 27 of 1970.

The judgment of the Pulaski Circuit Court is affirmed.

JONES and HOLT, JJ., not participating.

OLIVER CLEGG, Special Justice, joins in the opinion.