The Honorable Ernest Cunningham State Representative 727 Columbia Street Helena, AR 72342
Dear Representative Cunningham:
This is in response to your request for an opinion regarding Act 545 of 1985 and Act 905 of 1989.
Your question is as follows:
 Whether or not a candidate for a municipal office of a city of a first class which enacted an ordinance requiring independent candidates for municipal office to file a petition for nomination as an independent candidate no later than noon on the date before the preferential primary election pursuant to A.C.A. 7-1-107 can file for municipal office subsequent to that deadline in view of Act 905 of 1989. In other words, does the exception in paragraph 3 of Act 905 of 1989 create an exception or a window for the continued enforcement of Act 545 of 1985.
While this is, in my opinion, a close question due primarily to the absence of specific repealing language in Act 905 of 1989, I believe that if faced with the issue a court would in all likelihood sustain an independent candidate's filing in accordance with Act 905, notwithstanding the city's passage of an ordinance under Act 545 of 1985. It is therefore my opinion that the candidate can file subsequent to the deadline in A.C.A. 7-1-107, and that continued enforcement of Act 545 of 1985 may be successfully challenged.
Act 545 of 1985, which is codified as A.C.A. 7-1-107, states in pertinent part that "[t]he governing body of any first class city, second class city, or incorporated town may enact an ordinance requiring independent candidates for municipal office to file petitions for nomination as independent candidates with the county board of election commissioners no later than noon on the day before the preferential primary election." A.C.A. 7-1-107(a). Section 2 of Act 905 of 1989, (A.C.A. 14-42-206(b)(1) (Supp. 1989)), states in pertinent part:
 Any person desiring to become an independent candidate for municipal office in cities and towns with the mayor-council form of government, shall not more than eighty (80) days nor less than sixty (60) days prior to said municipal primary election, file with the county board of election commissioners their Petition of Nomination. . . .
One might contend that these provisions can be reconciled based upon the assertion that the 1985 act provides for an exception to the 1989 act's filing requirement where the city has enacted the authorized ordinance. Thus, the filing period under Act 905 of 1989 applies, except where a city has implemented the earlier filing deadline under Act 545 of 1985. One might, on the other hand, argue that Act 905 of 1989 applies in cities with the mayor-council form of government, and Act 545 of 1985 has continuing applicability in other cities and towns.
Of particular significance in my opinion, however, is the following language of Act 905 of 1989 (A.C.A.14-42-206(a)(1)):
 Candidates for municipal office in all elections in cities and towns shall be nominated by a municipal primary election, and no names shall be placed upon the general election ballot except those selected in the manner prescribed in this Act. [Emphasis added.]
Since the filing period of independent candidates under Act 905 of 1989 does not open until eighty days before the municipal primary, a conflict emerges between this requirement and the deadline authorized by city ordinance under Act 545 of 1985 ("no later than noon on the day before the preferential primary election.") An independent candidate whose name appears on the ballot following the filing of a petition of nomination in accordance with the 1985 act would not, it seems, be selected in the manner prescribed by Act 905 of 1989. If the two acts cannot be reconciled, the later one in time controls. See generally State v. Lawrence,246 Ark. 644, 439 S.W.2d 819 (1969).
Although repeals by implication are not favored in construing legislative enactments (Henslee v. Madison Guaranty Sav. Loan Ass'n., 297 Ark. 183, 760 S.W.2d 842
(1988)), it must also be recognized that a general law does not apply where there is another statute governing the particular subject, irrespective of their dates of passage. Williams v. Pulaski Co. Elec. Comm.,249 Ark. 309, 459 S.W.2d 52 (1970). In this instance, the legislature has amended prior election law by requiring the nomination of candidates for municipal office in a "municipal primary election." Acts 1989, No. 905, 1 (A.C.A. 14-42-206(a)(1) (Supp. 1989). "Political primaries" may, however, be held in cities with the mayor-council form of government. A.C.A.14-42-206(a)(3) (Supp. 1989). And a specific filing period is established for independent candidates seeking nomination in such cities. A.C.A. 14-42-206(b)(1). It is my opinion that this specific expression of legislative intent would in all likelihood be deemed to supersede the general expression in Act 545 of 1985 (A.C.A. 7-1-107).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] This argument may, however, exalt form over substance since municipal elections will, in essence, be nonpartisan following passage of the 1989 act, except in those cities and towns with the mayor-council form of government which have by resolution, in accordance with Act 905 of 1989, requested party primaries. See A.C.A.14-42-206(a)(3) (Supp. 1989). The 1985 act would thus in fact only have continuing effect in such cities with the mayor-council form of government.