The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion on the following questions:
 1. Whether or not confiscated property is to be in the custody of the county sheriff performing the confiscation or considered to be county property under the guidelines of A.C.A. § 14-16-105 (1987)?
 2. Regardless of who is deemed to be in custody of the property, what are the specific procedures to be followed in the disposition of such property inasmuch as A.C.A. § 5-64-505 merely states that property is to be disposed of in accordance with law?[1]
In your opinion request, you refer to an apparent conflict between Amendment 55 to the Arkansas Constitution and A.C.A. §5-64-505 with respect to the custody and disposition of confiscated property. Presumably, you are referring to property that is seized in connection with a violation of the Arkansas Controlled Substances Act, A.C.A. § 5-64-101 et seq. The procedures governing the seizure and forfeiture of such property are found in A.C.A. § 5-64-505 (Advance Code Service 1990-91).
With regard to your first question, Section 5-64-505(d) provides that property seized (pending forfeiture) under the Controlled Substances Act is not subject to replevin, but is deemed to be in the custody of the director (Arkansas Drug Director) or the seizing law enforcement agency. Further, such confiscated property is subject only to an order of the circuit court having jurisdiction over the property. This section is in apparent conflict with Amendment 55, § 3 to the Arkansas Constitution, which provides that the county judge has custody of all county property. Presumably, confiscated property would become county property in the absence of a contrary provision. See A.C.A. §14-14-1101 (a)(2) (1987).
The appropriate inquiry then is whether the language of A.C.A. §5-64-505(d) prevents property seized under the Controlled Substances Act from becoming general county property that would be deemed to be in the custody of the county judge. The primary rule of statutory construction is that a statute should be construed just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). If a statute is clear and unambiguous on its face, legislative intent must be discerned from the language employed therein. Mourot v. Arkansas Bd. of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985). Applying these general rules of statutory construction, it appears that § 5-64-505(d) contemplates property seized under the Controlled Substances Act being in the custody of the seizing agency, rather than in the custody of the county judge. Not only does the section specifically state that the property is deemed to be in the custody of the seizing agency, but it also states that the property is subject only to the order of the circuit court having jurisdiction over the property, indicating that the county judge would have no control over the seized property.
In connection with your second question, regarding the specific procedures to be followed in disposing of confiscated property under the Controlled Substances Act, you note that § 5-64-505
refers to property being disposed of in accordance with law. See §§ 5-64-505(d)(3) and (j)(1)(v). While this language does not offer much guidance, the Act goes on to specifically provide for the disposition of confiscated property once a forfeiture has been ordered. See § 5-64-505(e) and (k) (Advance Code Service 1990-91). Under § 5-64-505(k)(1), whenever property is forfeited under the Controlled Substances Act, the circuit court shall enter an order:
 (i) To permit the law enforcement agency or attorney for the state to retain the property for official use except that all aircraft shall be transferred to the Arkansas Drug Director;
 (ii) To sell that which is not required by law to be destroyed and which is not harmful to the public. Such property shall be sold at a public sale to the highest bidder, and if not sold at public sale, the court may permit a private sale. The proceeds of any sale and any moneys forfeited or obtained by judgment or settlement under subchapters 1-6 of this chapter shall be deposited in the special asset forfeiture fund of the attorney for the state.
It is well-established that when a special statute governs a particular subject, it applies rather than a general law. Brown 
Root, Inc. v. Hemstead County Sand Gravel, Inc., 767 F.2d 464
(8th Cir. 1985); Williams v. Pulaski Co. Election Comm.,249 Ark. 309, 459 S.W.2d 52 (1970). Applying this principle of statutory construction, it appears that § 5-64-505(k) would control over the general provisions regarding disposition of county property in A.C.A. § 14-16-105 (1987). Two other provisions regarding the disposition of seized property would also control over §14-16-105. See A.C.A. § 5-5-101 (1987) and A.R.Cr.P. Rule 15. However, these provisions would yield to § 5-64-505(k) in the event of a conflict involving the disposition of property seized under the Controlled Substances Act. See A.C.A. § 5-5-102 (1987).
In conclusion, it is my opinion that property confiscated under the Controlled Substances Act is deemed to be in the custody of the law enforcement agency that seizes the property. Further, the provisions of § 5-64-505 should control the disposition of the property once a forfeiture has been ordered.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] It should be noted that Opinion No. 89-070, concerning the disposition of money seized under the Controlled Substances Act, was issued prior to the passage of Act 87 of the Third Extraordinary Session of 1989, which changed the procedures for disposition of property forfeited under the Act.
[2] If the circuit court order permits the law enforcement agency or prosecuting attorney to retain the confiscated property for official use, it would become county property, and any further disposition would have to be in accordance with A.C.A. §14-16-105.