The Honorable Wayne Wagner State Representative Box 1135 Manila, AR 72442
Dear Representative Wagner:
This is in response to your request for an opinion on the following question:
 Is a Police Court considered a Municipal Court in matters relating to the Police Judge being part of the Municipal Judge retirement system? And, should Police Courts collect the $5.00 fee to apply to the retirement system?
The provisions governing retirement benefits for municipal judges are found at A.C.A. §§ 24-8-301 through 24-8-503. There are two provisions in these subchapters that specifically address retirement benefits for police judges. See A.C.A. §§ 24-8-310
and 24-8-501 (1987). The legislature has thus recognized a distinction between municipal and police courts in this context, and retirement benefits for police judges must be determined under the specific provisions relating thereto. A general law does not apply when there is another statute governing the particular subject, irrespective of the dates of their passage.Williams v. Pulaski County Election Comm'n, 249 Ark. 309,459 S.W.2d 52 (1970).
With regard to whether or not police courts should collect the $5.00 fee to apply to the retirement system, we assume you are referring to the $5.00 fee police courts are authorized to collect under A.C.A. § 16-17-111 (Supp. 1989). This fee shall be levied by ordinance of the governing body of the municipality and collected from defendants upon a plea of guilty or nolo contendere, forfeiture of bond, or determination of guilt for misdemeanors or traffic violations. The funds collected in this manner may be expended by the city, after agreement between it and the county concerning the county's share of the money, for any permissible use in the administration of the municipal court including, but not limited to, salaries and cost of incarceration of defendants. The decision of whether to impose this fee must be made by the governing body of the city. Presumably, if the fee were levied by ordinance and collected, it could be used to pay retirement benefits to police judges.
The subchapter providing for retirement benefits for police judges does not address funding for those benefits, unlike the two subchapters relating to retirement benefits for municipal judges. See A.C.A. §§ 24-8-501 through 24-8-503 (1987). Cf.
A.C.A. §§ 24-8-303 and 24-8-403. The provisions for funding in the latter sections are specifically limited to funding the benefits provided in those subchapters and would not apply to the funding of benefits provided in other subchapters, such as for police judges.[1] Similarly, A.C.A. § 16-17-112 (1987), providing for an additional court cost of $3.00 for the benefit of the Judicial Retirement System, appears to be limited to municipal courts. Aside from the $5.00 fee discussed above, funding for the payment of police judge retirement benefits might be derived from the fees and costs collected by the police courts, which is the same as that collected by justices of the peace. See A.C.A. § 16-96-111 (1987) and A.C.A. § 21-6-409
(Supp. 1989).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] Because retirement benefits for some former police judges who are not licensed to practice law are provided for in subchapter three, those benefits could arguably be paid out of the funds collected thereunder. See A.C.A. § 24-8-310.