The Honorable Mark Stodola Prosecuting Attorney P.O. Box 1979 Little Rock, AR 72203
Dear Mr. Stodola:
This is in response to your request for an opinion on four questions regarding the use of subpoenas in juvenile and criminal proceedings. Your questions will be restated and addressed in the order posed.
Your first question is:
 (1) In criminal proceedings, does the above-quoted Civil Code of 1869 provision govern in determining times for service of subpoenas, and thus require attendance of a witness for trial or hearing if served within three days of trial?
In response to this question, it appears that A.C.A. §§ 16-43-208
to -214 (1987) generally govern the use of subpoenas in criminal proceedings. With regard to your specific question, however, Section 16-43-211 provides, in pertinent part:
 The provisions of the Code of Practice in Civil Cases shall apply to and govern summoning and coercing the attendance of witnesses and compelling them to testify in all prosecutions and all criminal or penal actions or proceedings. . . .
Section 16-43-211 was originally enacted in 1871 and the Code of Practice in Civil Cases it refers to is presumably the Code of Practice in Civil Cases of 1869. See A.C.A. § 16-43-211, publisher's notes (1987). That Code provided that a witness is obligated to attend a hearing or trial if served with a subpoena within three days of the proceeding. See Section 586 of the Civil Code of Arkansas (1869), codified at Ark. Stat. Ann. §§ 28-510 and 28-511 (1947).
You have asked whether the Code of Civil Practice still governs the time within which a witness must be served with a subpoena in order to be compelled to attend a proceeding. In my opinion, the answer to this question is "no." This particular provision of the Code of Civil Practice of 1869 appears to have been superseded by the passage of the Arkansas Rules of Civil Procedure in 1978. Act 38 of 1973 empowered the Arkansas Supreme Court to prescribe rules of pleading, practice, and procedure in civil cases and proceedings in all courts in the state of Arkansas, and provided that:
 All laws in effect on the effective date of this Act regarding pleading, practice and procedure in civil proceedings in the courts of the state and those relating to the time and manner of taking appeals in civil proceedings shall remain in effect only until such time as the Supreme Court prescribes rules regarding the same or until the same are repealed or revised by legislative action. [Emphasis added].
Section 5, Act 38 of 1983. It is my opinion that when the Arkansas Rules of Civil Procedure went into effect on July 1, 1979, Rule 45(d) of those rules, specifically addressing the time within which a subpoena must be served to compel a witness to attend a trial or hearing, superseded Section 586 of the Code of Civil Practice. See also Ark. Stat. Ann. §§ 28-510 and 28-511, compiler's notes (Repl. 1979).
Because Section 586 was superseded by Rule 45 of the Rules of Civil Procedure, it is no longer in effect and A.C.A. § 16-43-211
cannot be read to rely on its provisions with respect to the service of subpoenas in criminal proceedings. Statutes will not be read in a manner that results in an absurdity. See Raglandv. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987). In my opinion, § 16-43-211 should be read more generally, as simply making the provisions of law governing the summoning of and coercing the attendance of witnesses in civil cases applicable to criminal proceedings as well. See Williams v.State, 237 Ark. 569, 375 S.W.2d 375, 579 n. 5 (1964), in which the Arkansas Supreme Court refers to the provision as providing that the rules of civil procedure apply generally in the trial of criminal cases. That interpretation of § 16-43-211 would accomodate legislative intent, which, obviously, was that the same rules should apply on this subject in both civil and criminal proceedings. It is also consistent with the rule of statutory construction that when a statute adopts by general reference a body of law relating to the subject at hand, the statute takes the law or laws referred to not only in their contemporary form, but also as they may be changed from time to time. 1A Sutherland Statutory Construction, legal commentary, p. 723 (4th ed. 1985).
In conclusion, then, it is my opinion that under § 16-43-211, the Arkansas Rules of Civil Procedure, specifically Rule 45(d), would govern the service of subpoenas in criminal proceedings. Accordingly, in order to compel a witnesses' attendance at a criminal proceeding, a subpoena must be served on the witness within two days of the proceeding. See A.R.C.P. Rule 45(d) (1991).
Your second question is:
 (2) In criminal proceedings, what rules, code provisions, etc., govern regarding sanctions against witnesses who fail to attend hearings after subpoena has been served upon them?
Sanctions for the failure to respond to a subpoena in a criminal proceeding would appear to be governed initially by A.C.A. §16-43-211, which, as already discussed, provides that the provisions of the Code of Practice in Civil Cases shall apply to and govern summoning and coercing the attendance of witnesses and compelling them to testify in all criminal proceedings. In my opinion, this provision would apply to the sanctions used for failure to respond to a subpoena. Thus, applying the reasoning set forth above in my response to your first question, and in light of the fact that A.C.A. § 16-43-206 (1987), addressing punishment for contempt, was superseded by the Arkansas Rules of Civil
Procedure, see 290 Ark. 616, 719 S.W.2d 436 (per curiam order 1986), it is my opinion that the Arkansas Rules of Civil Procedure would now govern the sanctions for the failure of a witness to respond to a subpoena. On this issue, Rule 45(g) provides:
 When a witness fails to attend in obedience to a subpoena or intentionally evades the service of a subpoena by concealment or otherwise, the court may issue a warrant for arresting and bringing the witness before the court at a time and place to be fixed in the warrant, to give testimony and answer for contempt.
A court's statutory authority to punish for contempt is set out in A.C.A. § 16-10-108 (1987). Contempt is defined therein to include willful disobedience of any process or order lawfully issued or made by the court. See A.C.A. § 16-10-108(a)(3) (1987). This Code section provides generally that punishment for contempt may be by fine, not to exceed $50.00, or by imprisonment, not to exceed ten days, or both. It is well-established, however, that a court's inherent authority to punish individuals for disobedience of process under Article 7, Section 26 to the Arkansas Constitution is not limited by §16-10-108. See Yarbrough v. Yarbrough, 295 Ark. 211,748 S.W.2d 123 (1988); Morrow v. Roberts, 250 Ark. 822,467 S.W.2d 393 (1971). In conclusion, it is my opinion that sanctions for the failure of witnesses to respond to subpoenas lawfully issued by courts in criminal proceedings are governed by Article 7, Section 26 of the Arkansas Constitution, A.C.A. § 16-10-108
(1987), and A.R.C.P. Rule 45(g) (1991).
Your third question is:
 (3) Does the witness fee in A.C.A. § 16-43-801(2) of $5.00 preferably govern both criminal proceedings as well as all types of juvenile proceedings (including dependent neglect, family in need of services, and in delinquency cases), or, alternatively, does A.C.A. § 9-27-325(f) and (g) require a different fee for neglect, families in need of services, or delinquency cases?
In my opinion, the $5.00 witness fee provided for in A.C.A. §16-43-801(2) applies in criminal proceedings, while the $30.00 witness fee provided for in A.R.C.P. Rule 45(d) applies to all juvenile proceedings, including delinquency cases.
With regard to criminal proceedings, there appears to be no provision for witness fees other than that provided in §16-43-801(2). The Rules of Criminal Procedure do not address witness fees. Further, the reference to the civil procedure rules with respect to the summoning and coercion of the attendance of witnesses in criminal proceedings contained in A.C.A. § 16-43-211
(1987) and discussed above, could reasonably be held by a court not to apply to witness fees. Even if a court found that §16-43-211 does extend to the issue of witness fees, thereby making the Rules of Civil Procedure applicable, it is my opinion that the court would also find that section to be amended by §16-43-801(2)'s specific provision of a witness fee in criminal cases. In addition to being enacted later, § 16-43-801(2) is more specific than § 16-43-211 and it is well-established that a general law does not apply when there is another statute governing the particular subject. Williams v. Pulaski Co.Election Comm, 249 Ark. 309, 459 S.W.2d 52 (1970). Thus, it is my opinion that the $5.00 witness fee under § 16-43-801(2) is applicable to criminal proceedings. It must be noted, however, that this provision is not interpreted as placing a ceiling of $5.00 on the fee payable to a witness in a criminal proceeding.See Williams v. State, 304 Ark. 279, 801 S.W.2d 296 (1990).
With regard to juvenile court proceedings, A.C.A. § 9-27-325
(1987) states:
 (f) Except as otherwise provided in this subchapter and until rules of procedure for juvenile court are developed and in effect, the Arkansas Rules of Civil Procedure shall apply to all proceedings and the Arkansas Rules of Criminal Procedure shall apply to delinquency proceedings.
 (g) All defendants shall have the right to compel attendance of witnesses in accordance with the Arkansas Rules of Civil Procedure and Arkansas Rules of Criminal Procedure.
It is clear under these provisions that the Arkansas Rules of Civil Procedure apply to juvenile proceedings such as those involving dependent-neglected juveniles and families in need of services. Thus, it is my opinion that in such proceedings, the $30.00 witness fee of A.R.C.P. Rule 45(g) would be applicable.
With regard to delinquency proceedings, however, it is not as clear which witness fee is applicable, because § 9-27-325(f) provides that the Rules of Civil Procedure apply to all
proceedings and that the Rules of Criminal Procedure apply to delinquency proceedings. Similarly, § 9-27-325(g) provides that all defendants have the right to compel the attendance of witnesses in accordance with both sets of rules. In the absence of a specific provision for witness fees in the Rules of Criminal Procedure, the language of § 9-27-325(f) and (g) leads me to conclude that the Rules of Civil Procedure would apply to this aspect of juvenile delinquency proceedings, making the $30.00 witness fee of Rule 45(g) appropriate.
Your fourth and final question is:
 (4) In addition to rules governing witness fees in juvenile proceedings, what rules, code provisions, etc., govern times for service of subpoenas, sanctions for failure to obey subpoenas, and subpoenas in general in these juvenile proceedings: (a) dependency neglect, (b) families in need of services, and in (c) delinquency cases?
Based upon the language of A.C.A. § 9-27-325(f) and (g) (1987), set out above, it is my opinion that the Arkansas Rules of Civil Procedure would generally govern the use of subpoenas in juvenile dependent-neglected proceedings and families in need of services proceedings. Specifically, Rule 45(d) would appear to govern the time for service, and Rule 45(g) the sanctions for failure to obey subpoenas. Of course, Rule 45(g) merely states that the person shall answer for contempt, so the punishment for contempt set out in A.C.A § 16-10-108 (1987), as well as the court's inherent power to punish for disobedience of process set out in Article 7, Section 26 of the Arkansas Constitution would also be applicable.
With respect to juvenile delinquency proceedings, it is my opinion that, based upon the language of § 9-27-325(f) and (g), any Rules of Criminal Procedure addressing the subject of subpoenas and their service would govern the use of subpoenas in those proceedings. In the absence of any Rules of Criminal Procedure addressing the use of subpoenas, however, I am compelled to conclude that the Rules of Civil Procedure would apply. Again, this conclusion is based upon the language of §9-27-325(f) and (g) to the effect that the Rules of Civil Procedure govern all juvenile proceedings and that all defendants are entitled to compel the attendance of witnesses under the Rules of Civil Procedure and the Rules of Criminal Procedure. Thus, it is my opinion that A.R.C.P. Rule 45 would govern the general use of subpoenas in juvenile delinquency proceedings, with Rule 45(d) governing the time for service and Rule 45(g) governing the sanctions for failure to respond. As in all other proceedings, the punishment for contempt set out in A.C.A. § 16-10-108 and for disobedience of process set out in Article 7, Section 26 of the Arkansas Constitution would also appear to apply.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
CCT/WB:ch