Mr. Kent C. Jolliff, Director Arkansas Motor Vehicle Commission 101 East Capitol, Suite 210 P.O. Box 951 Little Rock, AR 72203
Dear Mr. Jolliff:
This is in response to your request for an opinion on the following question:
 In order for the Arkansas Motor Vehicle Commission to take action against a manufacturer pursuant to A.C.A. 23-112-308(a)(11) on the basis the manufacturer failed to comply with A.C.A. 23-112-403(I), must the dealer give to the manufacturer the notice as specified in A.C.A. 4-72-205(a) rather than the more general notice of the proposed sale or transfer as referred to in A.C.A. 23-112-403(I)?
While the answer is not entirely clear from a review of the Code sections in question, it is my opinion that a manufacturer in all likelihood is not relieved of the requirements under23-112-403(I) (Supp. 1993) merely by virtue of the fact that the dealer's written notice of a transfer or sale does not comply with 4-72-205 (Repl. 1991). Thus, in response to your specific question, it is my opinion that the Commission could, as a general matter, take action against a manufacturer under A.C.A. 23-112-308(a)(11) (Supp. 1993) notwithstanding the absence of notice from the dealer in accordance with A.C.A.4-72-205. The application of a penalty under 23-112-308(a)(11) will, of course, ultimately depend upon the particular facts in each case. For purposes of your question, however, it is sufficient to note that the manufacturer may not, in my opinion, rely upon the absence of such notice as justification for its failure to comply with 23-112-403(I).
Subsection (I) of 23-112-403 states that it shall be unlawful:
 [n]otwithstanding the terms of any franchise agreement, to fail to give effect or to attempt to prevent any sale or transfer of a dealer, dealership, or franchise or interest therein, or management thereof, provided the manufacturer or distributor has received sixty (60) days' written notice prior to the transfer or sale, and unless the transferee does not meet the criteria generally applied by the manufacturer in approving new motor vehicle dealers or agree to be bound by all the terms and conditions of the dealer agreement, and the manufacturer so advises its dealer within sixty (60) days of receipt of said notice, or it is shown to the commission after hearing that the result of such sale or transfer will be detrimental to the public or the representation of the manufacturer or distributor.
This provision is part of the Arkansas Motor Vehicle Commission Act (Act 388 of 1975, as amended), which is codified at A.C.A.23-112-101 et seq. (Repl. 1992 and Supp. 1993). Section4-72-205(a), which is part of the Arkansas Franchise Practices Act, states as follows:
 It shall be a violation of this subchapter for any franchisee to transfer, assign, or sell a franchise or interest therein to another person unless the franchisee first notifies the franchisor of that intention by written notice, setting forth in the notice of intent the prospective transferee's name, address, statement of financial qualification, and business experience during the previous five (5) years.
Section 23-112-403(I) applies specifically to the sale or transfer of a motor vehicle dealer, dealership, franchise or interest therein, or management thereof. It does not specify the form or the exact content of the required "sixty (60) days' written notice prior to the transfer or sale. . . ." Under general rules of statutory construction, this specific statute governing the particular subject of sale or transfer of a motor vehicle dealership or franchise will apply rather than the general Arkansas Franchise Practices Act.[1] See generally Williams v. Pulaski Co. Elec. Comm., 249 Ark. 309, 459 S.W.2d 52
(1970). There is no evidence that the legislature intended to impose the same notice requirement under 23-112-403(I) as set forth under 4-72-205. I cannot conclude that such a requirement must be implied, particularly in light of the statutory construction rule noted above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] A question may remain regarding a franchisee's obligation to comply, as a separate matter, with the notice requirement in4-72-205 in order to avoid violation of the Arkansas Franchise Practices Act. While the absence of such notice would not, in my opinion, be dispositive under 23-112-403(I), it might be contended that a franchisee must still comply with4-72-205(a). The possibility of some confusion in this area may suggest the need for legislative clarification.