The Honorable Charlotte T. Schexnayder State Representative P.O. Box 160 Dumas, AR 71639-0160
Dear Representative Schexnayder:
This is in response to your request for an opinion on the following question regarding the nomination of candidates for the office of alderman in the City of Dumas, wherein aldermen are elected at-large:
 Who is qualified to sign the Petition of Nomination of aldermen elected at large? Because all qualified electors of a city may vote for the alderman, would any elector of the city be qualified to sign the petition even if they did not reside within the particular ward of the candidate?
It is my opinion that the answer to this question is not entirely clear under current law, as a result of two potentially conflicting Arkansas Code provisions. While it would therefore be advisable for candidates to obtain the requisite number of signatures from qualified electors of their respective wards, I cannot conclude that the county clerk would be clearly wrong in accepting petitions signed by city electors, i.e., petitions signed by persons who are qualified electors of the city but not of the particular ward of the candidate.[1] A conclusive determination regarding the sufficiency of such petitions will likely require resort to the courts, in the absence of clarification by the General Assembly.
The conflict or ambiguity arises under A.C.A. §§ 14-42-206 and 7-7-103. Section 14-42-206(b)(1) applies to persons desiring to become independent candidates for municipal office in cities and towns with the mayor-council form of government. Subsection (b)(1)(B) sets forth the form of the petition for candidates for aldermen as follows:
 (B) For all candidates for aldermen in cities of the first and second class:
 `PETITION OF NOMINATION We, the undersigned qualified electors of Ward ____ of the city of ____, Arkansas, being in number not less than ten (10) for incorporated towns and cities of the second (2nd) class, and not less than thirty (30) for cities of the first (1st) class hereby petition that the name of ____ be placed on the ballot for the office of Alderman, Ward position ____, of the next election of municipal officials in 19__
NAME STREET ADDRESS VOTING PRECINCT ____'
A.C.A. § 14-42-206(b)(1)(B) (Repl. 1998) (emphasis added).
Section 7-7-103 states in relevant part as follows with regard to independent candidates for municipal office generally:
 (c)(1) Independent candidates for municipal office may qualify by petition of not less than ten (10) electors for incorporated towns and cities of the second class and not less than thirty (30) electors for cities of the first class, of the ward or city in which the election is to be held.
A.C.A. § 7-7-103(c)(1) (Supp. 1997) (emphasis added).
The question thus arises, under the above-emphasized language, whether these provisions are in conflict, and if so whether they can be reconciled. The petition form under § 14-42-206 indicates that the petitioners must be qualified electors of the ward, regardless of whether the candidates are running at-large or by ward.[2] But the language in § 7-7-103(c)(1) regarding electors "of the ward or city in which the election is to be held" may suggest that petitioners must be qualified electors of the ward only if the aldermen are elected by wards. See n. 2, supra.
The potential conflict between these provisions is thus apparent. And while I can envision possible interpretations to reconcile the two, I cannot predict with certainty how a court would approach the issue. On the one hand, because candidates for alderman must reside in the ward "from which they seek to be elected" (A.C.A. §§ 14-43-307(a)(1)), it might be argued that § 7-7-103(a)(1), which applies to municipal offices generally and not just to alderman elections, is simply reflecting this ward representation when it refers to "the ward . . . in which the election is to be held." Section 14-42-206 applies specifically, moreover, to cities with the mayor-council form of government, and thus may prevail, under rules of statutory construction, to the extent of any conflict with the more general provision in § 7-7-103. See generallyWilliams v. Pulaski Co. Elec. Comm., 249 Ark. 309, 459 S.W.2d 52 (1970).
On the other hand, it might be countered that this interpretation of §7-7-103(c)(1) is strained in light of the clear reference therein to "the ward or city" election, meaning elections by ward or citywide. Thus, when the election is by ward, i.e., when each alderman is to be voted upon by the qualified electors of the ward from which he or she is a candidate, the petition of nomination must be signed by electors of that ward. Otherwise, in a citywide alderman election, i.e., when each alderman runs at-large, any qualified elector of the city may sign the petition. And although § 14-42-206 admittedly establishes specific procedures for municipal candidates in mayor-council cities, it is perhaps of some significance that the language regarding "the undersigned qualified electors of Ward. . . ." appears only in the form of the petition. It does not appear elsewhere in the text of § 14-42-206. Nor has my research revealed any separate statute imposing such a requirement.
I am unable under these circumstances to resolve the ambiguity or conflict reflected in §§ 7-7-103 and 14-42-206. It may be helpful to note, however, that provisions in statutes imposing election qualifications generally receive a liberal construction in favor of the people's right to exercise freedom of choice in the selection of officers, and in favor of those seeking to hold office. 67 C.J.S.Officers § 17. It is generally held that ambiguities should be resolved in favor of eligibility to office. Id. That is why I suggest that the clerk would not clearly be in error in accepting petitions signed by qualified electors of the city but not of the particular ward of the candidate, given the uncertainty surrounding the petition requirement. Legislative clarification is, however, clearly indicated.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The county clerk determines whether the petition contains a sufficient number of qualified electors. A.C.A. §§ 14-42-206(b)(2) (Repl. 1998) and 7-7-103(c)(1) (Supp. 1997).
[2] The city council of any city of the first class may provide, by ordinance, for the election of aldermen by wards. A.C.A. § 14-43-309
(Repl. 1998).