The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for an opinion on several questions concerning the filing deadline for candidates for municipal office in the City of Russellville, a city of the first class that operates under the mayor-council form of government. You have enclosed with your request a copy of Ordinance No. 1242, entitled "An Ordinance Requiring Independent Candidates for Municipal Offices to File With County Board of Election Commissioners." You state that this ordinance was passed in 1987, under the authority of Act 545 of 1985. You have also cited A.C.A. § 14-42-206, which authorizes party primaries in cities with the mayor-council form of government. You state that the City of Russellville declined to pass a resolution requesting party primaries for municipal offices for the year 2002.
You have asked the following specific questions in this regard:
 1. Given the legislative history of 14-42-206 and its predecessors, is Ordinance 1242 valid as would appear under AG Opinion 92-254?
 2. If Ordinance 1242 is valid, is it applicable when a city declines to use preferential primary elections? In other words, when Russellville declined to pass the 14-42-206 Resolution, municipal preferential primary elections were eliminated because candidates are prohibited from running as a member of an organized party (AGO 92-004). How can Ordinance 1242 determine the proper filing time for a municipal candidate when it requires candidates to file their petition no later than noon on the day before the preferential primary election?
 3. Assuming that Ordinance 1242 is valid and applicable even when a city declines the use of preferential primary elections, should a candidate file his/her petition with the County Board of Election Commissioners as contemplated by Ordinance 1242, or with the county clerk as indicated by A.C.A. 14-42-206(e)(1)?
 4. Should the Russellville City Council want to repeal Ordinance 1242 so that it would have no application to the 2002 elections, what is the latest date the City Council could act?
RESPONSE
It is my opinion in response to your first two questions that while Ordinance 1242 is likely valid, it does not apply to the 2002 election of municipal officials in the City of Russellville, which will be nonpartisan according to my understanding. A response to your third and fourth questions is unnecessary in light of this conclusion.
The confusion generated by Ordinance 1242 if understandable, given the history of A.C.A. § 14-42-206 and the law under which this Ordinance was passed. I believe a review of this history will be helpful in understanding the basis for my conclusion regarding Ordinance 1242. As you note, this ordinance was passed pursuant to Act 545 of 1985, which was originally codified in the Election Code at A.C.A. § 7-1-107.[1]
Act 545 provided as follows:
 Section 1 (a) The governing body of any first class city, second class city, or incorporated town may enact an ordinance requiring independent candidates for municipal office to file petitions for nomination as independent candidates with the county board of election commissioners no later than noon on the day before the preferential primary election.
 (b) Such ordinance shall be enacted no later than 90 days prior to such filing deadline. Such ordinance shall be published at least once a week for two consecutive weeks immediately following adoption of the ordinance in a newspaper having a general circulation in the city.
In my opinion, it is clear that Act 545 of 1985 applied to candidates who run as independents for municipal office when a party primary is held. In the absence of an ordinance adopted under Act 545, the filing deadline for independent candidates for municipal office would be no fewer than sixty nor more than eighty days before the general election. A.C.A. §7-7-103(c)(2) (Supp. 2001). This is much later than the filing deadline for political party candidates. See A.C.A. § 7-7-203. It also differs significantly from the deadline for independent candidates for "state, county, township, or district offices." See A.C.A. § 7-7-103(b). It may reasonably be concluded, therefore, that Act 545 was passed to give cities the opportunity to bring the independent candidate filing deadline more in line with the deadline for candidates seeking nomination by a political party. Additionally, as noted by the Arkansas Supreme Court, the concept of an "independent" candidate as used in the Election Code "apparently means a candidate running without political affiliation, but who may be opposed in an election by a person running as a nominee of a political party." Williams v. Pulaski County Election Comm'n,249 Ark. 309, 315, 459 S.W.2d 52 (1970).
The applicability of Act 545 of 1985 was subsequently called into question, however, with the passage of Act 905 of 1989, which required that candidates for municipal office in all elections in cities and towns be nominated by a nonpartisan "municipal primary election," with an option in cities or towns with a mayor-council government to request party primaries. This act was codified in the Municipal Code at A.C.A. §14-42-206 (Supp. 1989). It contained a filing requirement for "independent candidates" (not more than 80 nor less than 60 days before the municipal primary) that appeared to conflict with the deadline in Act 545 of 1985. The 1989 act also provided that ". . . no names shall be placed upon the general election ballot except those selected in the manner prescribed in this Act." This office thus concluded in 1990 that the 1989 act had superseded the 1985 act, and that independent candidates must file according to the deadline set out in Act 905 of 1989. Op. Att'y Gen. 90-209. See also Op. Att'y Gen. 90-228. In other words, it was the opinion of this office that with the passage of Act 905 of 1989, any ordinance adopted under Act 545 of 1985 requiring a different deadline was void and of no effect. Accord Op. Att'y Gen. 92-254.
Then in 1991, by two identical acts, the General Assembly repealed and replaced A.C.A. § 14-42-206. See Acts 1991, Nos. 59 and 430. The nonpartisan "municipal primary election" requirement in Act 905 of 1989 was eliminated, but the 1991 legislation reenacted that portion of the 1989 act regarding a city council's option to pass a resolution requesting party primaries in cities or towns with a mayor-council government. This provision remains unchanged to date. See A.C.A. §14-42-206(a) (Supp. 2001). The 1991 legislation also added a significant provision concerning A.C.A. § 7-1-107. As noted above, this office opined in 1990 that the new filing deadline created by Act 905 of 1989 for "independent candidates" superseded any deadline created by city ordinance under the authority of Act 545 of 1985 (A.C.A. § 7-1-107). Perhaps in response to these opinions or to resolve any uncertainty surrounding Section 7-1-107, the General Assembly made specific reference to Section 7-1-107 in the 1991 legislation. As codified following the 1991 enactments, Section 14-42-206(e)(1) stated that "[n]othing in thissection shall repeal 7-1-107 which allows municipalities to requireindependent candidates to file before the preferential primary election."See A.C.A. § 14-42-206(e)(1) (Cum. Supp. 1991) (emphasis added); Acts 1991, Nos. 59 and 430, § 3.
The General Assembly thus clearly expressed its intent in 1991 to retain § 7-1-107. Accordingly, this office concluded in 1992 that § 7-1-107 (Act 545 of 1985) was revived by the 1991 acts, and that a 1985 City of El Dorado ordinance passed pursuant to § 7-1-107 was operative and established the deadline as noon the day before the preferential primary. Op. Att'y Gen. 92-254. See also Op. Att'y Gen. 92-066 (opining that an ordinance adopted by the City of Lonoke in 1989 pursuant to §7-1-107 remained in effect until repealed or modified).
Section 7-1-107 was then repealed in 1997. See Acts 1997, No. 445, § 5. During the same legislative session, however, § 14-42-206(e) was amended to state:
 (e)(1) The governing body of any first class city, second class city, or incorporated town may enact an ordinance requiring independent candidates for municipal office to file petitions for nomination as independent candidates with the county clerk no later than noon on the day before the preferential primary election.
 (2) The ordinance shall be enacted no later than ninety (90) days prior to the filing deadline. The ordinance shall be published at least once a week for two (2) consecutive weeks immediately following adoption of the ordinance in a newspaper having a general circulation in the city.
See Acts 1997, No. 645, § 3.
As you can see, this is essentially the same language as Act 545 of 1985, formerly codified as A.C.A. § 7-1-107, supra, with the only change being the provision for filing with the county clerk rather than the election commission. There have been no subsequent amendments to §14-42-206(e). See A.C.A. § 14-42-206 (Supp. 2001). I thus agree with my predecessor's statement that "[§ 7-1-107] is now effectively incorporated into A.C.A. § 14-42-206(e)(1) by virtue of [the] 1997 amendment. . . ." Op. Att'y Gen. 98-164. I also agree with that opinion's conclusion regarding the effectiveness of an ordinance previously passed under the authority of § 7-1-107. It was concluded in Opinion 98-164 that an ordinance in the City of Hughes that was properly passed in 1992 under §7-1-107 continues in force until altered or repealed.
It is my opinion, similarly, that Ordinance 1242 of the City of Russellville remains in effect.[2] It is also my opinion, however, based upon the history of § 7-1-107 and § 14-42-206, that the Ordinance applies to those candidates who run for municipal office without party affiliation when the political parties conduct primary elections. These are the "independent candidates" to whom § 7-1-107, as originally enacted and as subsequently revived and incorporated into § 14-42-206, applies.
Some of the confusion in this regard stems no doubt from the use of the term "independent candidate" in § 14-42-206 to also encompass those who run for municipal office in mayor-council cities for which no political primary is held. All of the candidates in that instance run as "independents" in the sense that they run without party affiliation based on nominating petitions, in accordance with A.C.A. § 14-42-206(b)(1). This terminology can be traced back to Act 905 of 1989 which, as discussed above, required that candidates for municipal office be nominated by a nonpartisan municipal primary election (unless a resolution was passed requesting party primaries). This concept of an "independent candidate" is distinguishable, in my opinion, from the concept noted above under the Election Code, which encompasses candidates who run without party affiliation, but who may be opposed by a political party nominee. And as stated above, it is my opinion that A.C.A. §7-1-107, and now A.C.A. § 14-42-206(e), embraced this latter concept when it authorized cities to require "independent candidates" to file by the earlier date of noon the day before the preferential primary election.
In conclusion, therefore, it is my opinion that a city ordinance such as Ordinance 1242, enacted pursuant to Act 545 of 1985 or now A.C.A. §14-42-206(e), has no applicability if the election of municipal officials is to be nonpartisan. This conclusion renders moot your remaining questions.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] As will be discussed further herein, Section 7-1-107 was repealed by Act 445 of 1997. See Acts 1997, No. 445, § 5.
[2] Consistent with the 1997 amendment, however, (see § 14-42-206 (e) (1), supra), filings must be made with the county clerk rather than the county board of election commissioners.