Mr. Houston Nutt, Chairman Board of Trustees of the Arkansas Schools for the Blind and Deaf P.O. Box 668 Little Rock, AR 72203
I am writing in response to your request for an opinion on the following question:
 May advisory, non-voting members of the Board of Trustees of the Arkansas School for the Blind and Deaf attend executive sessions that are held pursuant to Arkansas Code 25-19-106 (c) (1)?
RESPONSE
It is my opinion that the advisory non-voting members of the Board of Trustees of the Arkansas School for the Blind and the Arkansas School for the Deaf ("the Board") may attend closed sessions of the Board that are held pursuant to A.C.A. § 25-17-208 (Repl. 1996).
Section 25-17-208 addresses meetings of an "honorary board or commission." The Arkansas School for the Blind and the Deaf was established as an honorary board. See Act 1 of 1943, which is codified, as amended, at A.C.A. § 25-17-201(Supp. 2001). Section 25-17-208 must therefore be considered in addressing your question concerning executive, i.e., closed meetings of the Board. The Code section you have cited, A.C.A. § 25-19-106 (c), is the provision in the Arkansas Freedom of Information Act ("FOIA") that authorizes "executive [i.e. closed] sessions" to deal with personnel matters. Because § 25-17-208 is a specific statute governing the meetings of the Board, however, it will prevail, under rules of statutory construction, to the extent of any conflict with the more general provisions of the FOIA. See generallyWilliams v. Pulaski Co. Elec. Comm., 249 Ark. 309, 459 S.W.2d 52 (1970).
Section 25-17-208 provides as follows:
 (a)(1) Unless otherwise provided by law, each honorary board or commission shall meet in regular session at least once each semiannual period and shall meet in special session as often as its business may require.
 (2) As used in this section, the term "honorary board or commission" means any state board or commission whose members receive no compensation other than stipends or reimbursement of expenses.
 (b)(1) All meetings shall be open to the public except when the board or commission has under consideration the employment, discharge, or investigation of an individual.
 (2) The board or commission may, by a majority vote thereof, declare the matter they are about to consider to be privileged and may declare a closed session for the period of time during which this matter is being discussed.
 (3) At the end of that time and before any new subject is discussed, the secretary of the board or commission shall announce to the public and press who may be in attendance that the meeting is reopened for the discussion of further business.
A.C.A. § 25-17-208 (Repl. 1996).
The Board may thus hold a "closed session" to consider the "employment, discharge, or investigation of an individual." The meeting is then closed during the discussion of the particular matter. Your question is whether the advisory non-voting members of the Board may attend such sessions.
In my opinion, the answer to this question is "yes," reading § 25-17-208
(b), supra, together with A.C.A. § 25-17-205, which provides for the service of "advisory nonvoting members of the Board."[1] Section25-17-205 provides as follows:
 (c)(1) The Governor shall appoint one (1) person who is the parent of a blind student and one (1) person who is the parent of a deaf student to serve as advisory nonvoting members of the Board of Trustees of the Arkansas School for the Blind and the Arkansas School for the Deaf.
 (2) The term of office of the advisory members shall be the same as the term of office of the other members of the board. Any vacancy arising in an advisory position shall be filled in the same manner as those of other vacancies arising in the membership of the board.
 (3) A state employee who is a parent or a legal guardian of a student at the Arkansas School for the Blind or the Arkansas School for the Deaf shall be eligible to serve as a regular or advisory member of the board.
This provision for parent advisory members was added by amendment to §25-17-205 in 1993. See Acts 1993, No. 450. The provision for closed sessions of the Board was added to § 25-17-208, supra, in 1949. See Acts 1949, No. 75. The legislature is thus presumed to have been aware of the meetings statute (§ 25-17-208), including the closed session provision, when it created the advisory membership. See generally Bolden v. Watt,290 Ark. 343, 710 S.W.2d 428 (1986) (noting that in construing legislative enactments, it is presumed that the legislature had knowledge of existing statutes). Accordingly, I believe it reasonably follows that when the Board meets pursuant to § 25-17-208, whether in "regular," "special," or "closed session," these meetings include the "advisory" Board members.
This is not to say, of course, that the advisory members constitute part of the established membership of the Board that is governed by Amendment33 to the Arkansas Constitution. The Board was established as an honorary board to consist of five members (see A.C.A. §§ 6-43-101 and 25-17-201); and Section 3 of Amendment 33 prohibits any increase or decrease in this membership. Accord Op. Att'y Gen. No. 97-089. See also Op. Att'y Gen.2001-072 (noting that the Arkansas School for the Blind and the School for the Deaf were established by statute as state charitable institutions subject to the conditions of Amendment 33). The five "regular" members of the Board are clearly the ones "charged with the management and control" of The School for the Blind and the School for the Deaf. A.C.A. §6-43-102. This management and control has not been given to the advisory members, who have no vote on Board matters, nor could it be consistent with Amendment 33. On the other hand, the conduct of meetings of the Board, including the matter of attendance at meetings, is clearly within the General Assembly's legislative power. It is my opinion that the absence of a distinction between the "regular" and the "advisory nonvoting" members for purposes of attendance at Board meetings is a valid exercise of this power.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] In the absence of these specific provisions governing the Board's meetings and its membership, the answer to your question might turn on whether the advisory members are part of the "governing body" under A.C.A. § 25-19-206 (c) (2) (A), that part of the FOIA, noted above, which contemplates the presence of the "governing body" in an "executive [closed] session." See. e.g. Op. Att'y Gen. 2001-286 (regarding the inclusion of an ex-officio member in an executive session held pursuant to A.C.A. § 25-19-106 (c)). Instead, A.C.A. § 25-17-208 merely provides that the "board" may declare a closed session under certain circumstances.